**TABCOR SALES CLEARING, INC., Plaintiff,**

v.

**UNITED STATES of America, et al., Defendants.**

**No. 75 C 2401.**

United States District Court, N.D. Illinois, E.D.

Oct. 27, 1982.

Shelly Waxman, Robert K. Mayer, Shelly Waxman & Associates, Chicago, Ill., for plaintiff.

Dan K. Webb, U.S. Atty. by Gail C. Ginsberg, Asst. U.S. Atty., Chicago, Ill., John S. Miles, Thomas R. Jones, Tax Division, Dept. of Justice, Washington, D.C., for defendants.

## ORDER

BUA, District Judge.

On March 23, 1981, this Court signed an order which awarded to plaintiff its attorneys' fees and costs of this action in the amount of $5,000.[1] The docket sheet indicates that the order was entered by the Clerk of Court on March 24, 1981. Although the docket sheet also indicates that a copy of the draft order was mailed on March 24, 1981, both parties have represented to the Court that they failed to receive copies of the order until more than ten days after its entry.[2]

On April 15, 1981, a date beyond the 10-day period prescribed by Fed.R.Civ.P. 59(e), plaintiff filed a motion for reconsideration of the March 23 order which challenged the Court's calculation of the amount awarded. On April 20, 1981, defendant filed *its* motion for reconsideration, challenging not the amount of fees and costs, but rather the Court's decision to allow the award at all. Pursuant to a schedule established by the Court, the motions were to be fully briefed by June 8, 1981.

Upon receipt of the docket sheet indicating entry of the March 23 order on March 24, 1981, defendant filed with this Court a motion for a 30-day extension of time within which to file a notice of appeal. *See* Fed.R.App.P. 4(a)5. Presumably, the purpose of this motion was to give this Court sufficient opportunity to address the motions for reconsideration, prior to the expiration of the time for appeal.[3] This Court granted the motion for extension of time on May 22, 1981 at a hearing at which plaintiff's counsel was present. On that same day, plaintiff filed a notice of appeal, which appeared to wrest jurisdiction over the matter from this Court.

On December 9, 1981, the United States Court of Appeals for the Seventh Circuit remanded the case to this Court for determination of the following issues:

1. Whether the parties received final notices of the district court's March 23, 1981 order.

Plaintiff states it became aware of the March 23 order on April 10, 1981 when told of it by this Court's Minute Clerk. *See* Plaintiff Counterdefendant's Motion to Reconsider Order of March 23, 1981 at 1.

---

1. A more detailed factual history of this case is contained in this Court's March 23, 1981 order, and need not be repeated here.

2. Defendant states that it first became aware of the order upon receipt, on or after April 15, 1981, of plaintiff's motion for reconsideration of the March 23 order. *See* Memorandum For the Defendant Regarding Jurisdiction of the District Court to Determine Motions for Reconsideration, (Filed February 19, 1982) at 1.

3. In the absence of this motion, the time for filing an appeal from the March 23 order would have expired on May 26, 1981.

2. If the parties had no notice, whether the district court clerk's failure to notify justifies an exception to the time requirements of Fed.R.Civ.P. 59(e) and 6(b) and would allow the district court to consider those parties' motions as falling within Rule 59(e).

The Court of Appeals ruled that, if this Court were to determine that the parties' motions were timely filed, it could reach the merits of those motions and undertake such additional procedures as might be required.

On January 13, 1982, this Court directed the parties to file briefs on the issues raised by the Court of Appeals. Upon consideration of the parties' submissions and a review of the facts and the law, this Court concludes that 1) the parties did *not* receive final notices of the Court's order of March 23, 1981 within ten days after its entry, and that 2) despite this fact, this Court is without jurisdiction to determine the merits of the parties' motions for reconsideration under Rule 59.

Additionally, although not mentioned by the Court of Appeals, it should be noted that, upon appropriate order of the appellate court, this Court *would have* jurisdiction to entertain the parties' motions under Fed.R.Civ.P. 60(b), *if* it determined that those motions stated grounds for relief under the latter rule. *See Binks Manufacturing Co. v. Ransburg Electro-Coating Corp.,* 281 F.2d 252, 260–261 (7th Cir.1960), and discussion at § III, *infra.* This Court has reviewed the parties' memoranda, however, and has concluded that neither party has stated a basis for relief under Rule 60(b). *Cf. Hahn v. Becker,* 551 F.2d 741, 745 (7th Cir.1977).

Since the time limitation of Rule 59(e) has passed, divesting this Court of jurisdiction to entertain a motion under that rule, and since Rule 60(b) is inapplicable to the parties' requests for relief from the March 23 order, this Court has concluded that its March 23 order stands as the final judgment of the district court in this case. Any relief from that judgment must be provided on appeal.

## I.

As has already been stated, the order of the Court of Appeals required this Court first to determine whether and when the parties received final notice of the March 23 order. The parties have represented to the Court that they did not receive notice of the Court's March 23 order until April 10 (plaintiff) or on or after April 15 (defendant), *see* n. 2, *supra.* This Court believes that these representations are sufficient to establish the fact of non-receipt within the 10-day period prescribed by Rule 59(e).

## II.

In light of the above, this Court must determine whether the absence of notice within the 10-day period justifies an exception to the time requirements of Fed.R. Civ.P. 59(e) and 6(b) and would allow this Court to consider the parties' motions as falling within that rule.

Fed.R.Civ.P. 59 provides a variety of methods for proposing vacation, alteration or amendment of judgments. Any motion for such relief, however, must be filed within ten days after entry of the judgment. Fed.R.Civ.P. 59(e). This 10-day limit applies to motions brought by the parties or on the initiative of the Court. Fed.R.Civ.P. 59(d). Additionally, Fed.R.Civ.P. 6(b) specifically provides that the district court may not extend the time for taking any action unless Rule 59 so provides.

A review of the applicable law indicates that the fact that the parties did not receive notice of the final judgment does not extend the 10-day period. Fed.R.Civ.P. 58 requires that every judgment be set forth on a separate document, and that a judgment is effective only when so set forth and when entered pursuant to Rule 79(a). Once that entry has been made, the time for filing Rule 59 motions begins to run. 6A J. Moore, *Moore's Federal Practice,* ¶ 58.05[1], (2d ed. 1982). The time period runs "even though a party has not received notice of the entry of the judgment, pursuant to Rule 77(d), from the clerk or adverse party, or the clerk fails to record a correct copy of

the judgment as required by Rule 79(b)." *Id.* at ¶ 59.09[1] (citations omitted).

In this case, the docket sheet indicates that judgment was entered on March 24, 1981. The 10-day period expired long before the parties filed their motions, thus divesting the Court of jurisdiction to reconsider its order.

Plaintiff, apparently acknowledging the strict application of Rule 59, baldly asserts that the March 24 entry on the docket was fraudulent, and that judgment was not entered on that date. If this were the case, it would be possible that the parties' motions might be timely. Based solely on plaintiff's claim of fraud, defendant urges this Court to hold a hearing to determine the actual date of entry. This Court has considered plaintiff's charge and defendant's request, and has concluded that a hearing is not warranted. The allegation of fraud is purely conclusory. It is supported by neither evidence nor affidavit, and plaintiff has pointed to no irregularity on the docket sheet which would indicate the existence of a false entry. In light of this evident lack of factual support for plaintiff's accusation, this Court must conclude that it is merely a somewhat feeble to attempt to extend the valid time-bar of Rule 59(e). This cannot be allowed.

### III.

Although not raised by the Court of Appeals, the possibility has been suggested by both parties that this Court might still have jurisdiction to address the parties' motions for reconsideration under Fed.R.Civ.P. 60(b).

It is true that there is authority for treating a Rule 59 motion untimely filed as a motion under Rule 60(b). *See* 6A J. Moore, *Moore's Federal Practice,* ¶ 59.04[7], (2d ed. 1982). It is also true that during the pendency of an appeal, the district court is generally without power to grant relief under Rule 59 or 60, except with permission of the appellate court. 7 *Moore* at ¶ 60.30[2]. There is authority in this circuit, however,

for the proposition that a Rule 60 motion can be made during the pendency of an appeal if a certain procedure is followed. The appropriate practice, suggested by the Court in *Binks Manufacturing Co. v. Ransburg Electro-Coating Corp.,* 281 F.2d 252, 260 (7th Cir.1960) is that a Rule 60(b) motion "should be filed in the district court and that court should proceed to hear the motion. If the district court indicates that it will allow the motion, the Court should then be requested to remand the cause."

This Court believes that it would be within its power, *procedurally,* to construe the parties' motions as Rule 60(b) motions filed in accordance with the above procedure; however, because the Court also believes that the motions do not state grounds for relief under that rule, the motions could not properly be granted. The bases for relief delineated by Rule 60(b) are quite limited, and none of the alleged errors identified by the parties are encompassed within their scope. Rather, the normal avenues for challenges of the type made in the motions to reconsider are a Rule 59 motion or appeal. The latter option remains open. The former is admittedly foreclosed. However, to broaden the coverage of Rule 60(b) to the point where the rule becomes co-extensive with Rule 59 would be inconsistent with the clear intent of the drafters of the Federal Rules of Civil Procedure. Rule 60(b) would become a wide-ranging license to review otherwise final decisions without the limiting emphasis on speedy disposition and finality contemplated by Rule 59. Such a result would be improper. *See Hahn v. Becker,* 551 F.2d 741, 745 (7th Cir. 1977); *Silk v. Sandoval,* 435 F.2d 1266, 1267–1268, (1st Cir.) *cert. denied* 402 U.S. 1012, 91 S.Ct. 2189, 29 L.Ed.2d 435 (1971). Therefore, although this Court might obtain jurisdiction to review a legitimate Rule 60(b) motion, the parties' motions in this case are not properly characterized as such. Rather, the motions must be construed as brought under Fed.R.Civ.P. 59, and, as a result, they are time barred. Any relief from the Court's March 23 order must therefore be

sought from the Seventh Circuit Court of Appeals.

In summary, in accordance with the mandate of the Seventh Circuit, this Court finds that the parties did not receive final notice of this Court's March 23, 1981 order within the 10-day limit prescribed by Fed.R.Civ.P. 59(e) and 6(b) for filing motions to reconsider. Nevertheless, this Court also finds that this fact does not justify an exception to the time requirements. Since no other rule would permit consideration of the parties' arguments, this Court finds that it must decline to address the merits of both plaintiff's and defendant's requests for reconsideration.

IT IS SO ORDERED.