**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Melvin P. DEUTSCH, Defendant–
Appellant.**

**No. 91–2753.**

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 18, 1992.*

Decided Dec. 9, 1992.

---

\* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Fed. R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

Barry R. Elden, Asst. U.S. Atty., Office of the U.S. Attorney, Chicago, IL, for plaintiff-appellee.

Melvin P. Deutsch, Deutsch, McCormick, D'Amato & Associates, Oyster Cove Bay, NY, for defendant-appellant.

Before BAUER, Chief Judge, CUMMINGS, Circuit Judge, and FAIRCHILD, Senior Circuit Judge.

CUMMINGS, Circuit Judge.

Melvin Deutsch appeals the district court's refusal to reconsider a prior ruling. We affirm because the motion to reconsider was untimely, depriving the district court of jurisdiction. Along the way we attempt to clarify the law regarding the characterization of motions under Federal Rules of Civil Procedure 59(e) and 60(b).

## I. BACKGROUND

In November of 1987 police officers, acting on information from officials in the Eastern District of New York, executed a search warrant at Deutsch's business office in Northbrook, Illinois. The officers seized several Xerox brand typewriters, copy machines, and paper. Deutsch was arrested and removed to the Eastern District of New York, where he was tried and convicted of committing wire fraud by ordering products from paper companies and then reselling them without ever paying the vendor. 18 U.S.C. § 1343.

On August 24, 1988, the government filed a motion in the Northern District of Illinois to return the seized goods to Xerox. Fed.R.Crim.P. 41(e). That same day the government served a copy of the motion on the federal defender in Chicago who had represented Deutsch in the removal proceedings. The district court granted the government's motion the next day. On August 29, 1988, the government served a copy of the motion on Deutsch's attorney in New York, Harry Batchelder.

Deutsch was aware of the government's motion soon after its filing; on September 23, 1988, he personally filed a list of objections to the motion. Yet, despite being cognizant of the proceeding, Deutsch did nothing for over two years. It was not until October 10, 1990, that he finally served his motion to reconsider the August 25, 1988, order. The court denied that motion on the merits on June 27, 1991. Deutsch appeals, challenging both the August 25, 1988, order and the denial of his motion for reconsideration.[1]

## II. DISCUSSION

The first question in this case is how to characterize Deutsch's motion for reconsideration. Though he neglects to cite any rule as the basis for his motion, the fact that it challenges the merits of the district court's decision means that it must fall under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir.1990). In cases where it is unclear whether a motion challenging a judgment on the merits is made under Rule 59(e) or Rule 60(b) the Fifth Circuit follows a bright-line test: "Under which Rule the motion falls turns on the time at which the motion is served. If the motion is served within ten days of the rendition of judgment, the motion falls

---

1. We need not review the August 25, 1988, order itself because Deutsch did not file a timely notice of appeal from that order, nor is there any reason to have tolled the time for appeal. *See* Fed.R.App.P. 4(a). Furthermore, appeal of the denial of a motion under Fed.R.Civ.P. 60(b) does not raise the underlying judgment for review. *Browder v. Director, Dept. of Corrections,* 434 U.S. 257, 263, 98 S.Ct. 556, 560, 54 L.Ed.2d 521.

under Rule 59(e); if it is served after that time, it falls under Rule 60(b)." *Id.* We adopted a version of the first part of this test in *Charles v. Daley,* 799 F.2d 343, 347 (7th Cir.1986), holding that "all substantive motions served within 10 days of the entry of judgment will be treated as based on Rule 59." [2] Seeing no reason why the second part of the test is any less worthy than the first, we adopt it as well: substantive motions to alter or amend a judgment served more than ten days after the entry of judgment are to be evaluated under Rule 60(b). Thus Deutsch's motion, filed over two years after the challenged judgment, falls under Rule 60(b).[3]

We find this method of characterizing motions under the two rules desirable because it provides a clear standard, easily applied by courts and understood by litigants. As this court observed in *A.D. Weiss Lithograph Co. v. Illinois Adhesive Products Co.,* 705 F.2d 249, 250 (7th Cir. 1983), "It would make life a good deal easier for all concerned if parties moving under Rule 59(e) would always caption such motions 'motions to alter or amend judgment,' rather than 'motions to reconsider,' and thereby dispel any doubt whether the motion is under Rule 59(e) or Rule 60(b)—rules with very different procedural consequences." 705 F.2d at 249–50. Instead of waiting for litigants to shape up we can,

like the Fifth Circuit, solve the problem by adopting a bright-line rule. *Charles* started the process and we finish the work today.

One might object that our holding effectively reads the ten-day time limit out of Rule 59(e) because untimely 59(e) motions will now be analyzed under Rule 60(b) instead of being dismissed. Technically that may be correct; a motion will not be thrown out as untimely simply because it is captioned "Motion for Reconsideration" but was not served within ten days of the challenged judgment. In practice, however, our present decision will not save untimely Rule 59(e) motions from abrupt dismissal; substantive motions served from the eleventh day on must be shaped to the specific grounds for modification or reversal listed in Rule 60(b)—they cannot be general pleas for relief. *See Landau & Cleary, Ltd. v. Hribar Trucking, Inc.,* 867 F.2d 996 (7th Cir.1989) (party sought relief from judgment on grounds not listed in Rule 60(b), leading court to find he had waived any rights he may have had under that Rule); *Tabcor Sales Clearing, Inc. v. United States,* 95 F.R.D. 534, 537 (N.D.Ill.1982) (though court could construe parties' motion to reconsider as one under Rule 60(b), it would not avail them because "[t]he bases for relief delineated by Rule 60(b) are

***

**2.** We wish to emphasize that *Charles* refers to all *substantive* motions served within ten days of a challenged judgment. Other types of motions are often made within that period, but are not Rule 59(e) motions. As this court put it in *Lorenzen v. Employees Retirement Plan,* 896 F.2d 228, 231 (7th Cir.1990), "[P]urely procedural motions, such as for extensions of time, and motions that kick off collateral proceedings such as a proceeding to obtain an award of costs or attorney's fees" do not fall under Rule 59(e). *See White v. New Hampshire Dept. of Employment Security,* 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (motion for attorney's fees under 42 U.S.C. § 1988 was not a Rule 59(e) motion); *Buchanan v. Stanships, Inc.,* 485 U.S. 265, 108 S.Ct. 1130, 99 L.Ed.2d 289 (motion for costs should have been treated under Rule 54(d), not Rule 59(e), despite being served within ten days of judgment); *United States v. Gargano,* 826 F.2d 610, 611 (7th Cir.1987) ("By substantive motion we mean one that if granted would result in a substantive alteration in the judgment rather than just in a correction of a

clerical error or in a purely procedural order such as one granting an extension of time within which to file something."); *compare Osterneck v. Ernst & Whinney,* 489 U.S. 169, 109 S.Ct. 987, 103 L.Ed.2d 146 (motion for prejudgment interest properly analyzed under Rule 59(e)). Thus, although *Charles* states a bright-line rule for substantive postjudgment motions served within ten days, district courts must remain diligent in deciding which motions, served within that period, are substantive and which are either wholly collateral to the judgment or purely procedural. *Cf. Lac du Flambeau Band of Lake Superior Chippewa Indians v. Wisconsin,* 957 F.2d 515 (7th Cir.1992) (exemplifying the importance of distinguishing Rule 59(e) motions from other kinds in determining the timeliness of an appeal); *Gargano,* 826 F.2d at 611 (same).

**3.** Pursuant to Circuit Rule 40(f), this opinion has been circulated among all the judges of this court in regular active service. None voted to hear the case en banc.

quite limited, and none of the alleged errors identified by the parties are identified within their scope."), *aff'd without op.*, 776 F.2d 1050 (7th Cir.1985). Consequently Rule 59(e) and Rule 60(b) will retain their distinct characters,[4] and litigants should not expect to employ our rule as a Trojan horse for sneaking what are actually tardy Rule 59(e) motions into the courtroom under the guise of Rule 60(b). Nor will our rule burden district judges with agonizing over whether a motion asserts grounds for relief included in Rule 60(b); it is the movant's task to make its contentions clear.

 The next question is which subsection of Rule 60(b) applies. As grounds for reconsideration, Deutsch's motion states that (1) he had only recently learned of the district court's August 25, 1988, order, which was entered before he had been personally served with the government's motion, and (2) the government's representations regarding the Xerox equipment (i.e., that it was not paid for) were false and intended to mislead the court. Such claims apparently aim at subsections (1) and (3) of Rule 60(b). Subsection (1) authorizes a court to relieve a party from a judgment for mistake, inadvertence, surprise, or excusable neglect, while subsection (3) applies in cases of fraud, misrepresentation, or other misconduct by an adverse party. Regardless of which subsection applies, however, Deutsch's motion was untimely; motions under those subsections must be made within one year of the judgment, and a court may not extend that time. Fed.R.Civ.P. 60(b) and 6(b); *see Ackermann v. United States*, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950) (motions under subsections (1), (2), or (3) must be denied as untimely if filed more than one year after judgment, even if the delay was arguably reasonable); *Matter of Chicago, Milwaukee, St. Paul and Pacific R. Co.*, 878 F.2d 182 (7th Cir.1989).

Alternatively, the motion might be interpreted as falling under the "catchall" provision of Rule 60(b), subsection (6). This subsection is not governed by the one-year limitations period, but such motions must still be made "within a reasonable time." Fed.R.Civ.P. 60(b). As noted earlier, Deutsch knew of the government's motion to return the Xerox equipment in September of 1988. His motion to reconsider, however, was not served until over two years later. Since he has not proffered a convincing justification for this unreasonably long delay, his motion came too late.

No matter which subsection applies, then, the Rule 60(b) motion was untimely, meaning that the district court did not have jurisdiction to decide it. *Wesco Prods. Co. v. Alloy Automotive Co.*, 880 F.2d 981, 985 (7th Cir.1989) ("[Rule 60(b)'s] one year time limit is jurisdictional"). Accordingly, that court's denial of Deutsch's motion for reconsideration is AFFIRMED and, for the reasons given in footnote 1, *supra*, the appeal of the August 25, 1988, order itself is DISMISSED for lack of jurisdiction.

---

4. Most notably, a timely Rule 59(e) motion tolls the time to appeal and prevents an appeal until disposition of the motion. Fed.R.App.P. 4(a)(4).