998 F.2d 1016
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Kayode A. TESLIM, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-1630.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 7, 1993.*
Decided July 21, 1993.
 
 Before CUMMINGS, COFFEY and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 A jury found Kayode Teslim guilty of conspiring to distribute cocaine and possessing with the intent to distribute over 500 grams of cocaine. The district judge sentenced him to thirteen years in prison. Teslim's convictions were affirmed on direct appeal. United States v. Teslim, 869 F.2d 316 (7th Cir.1989).
 
 
 2
 In this, his second, motion under 28 U.S.C. § 2255, Teslim challenged the effectiveness of his trial and appellate counsel.** On January 23, 1992, the district judge denied the § 2255 motion. Three weeks later, on February 13, Teslim filed, but did not serve, a motion to reconsider which the district judge denied on February 18. On March 16, Teslim filed a notice of appeal, designating the February 18 order for review.
 
 
 3
 The first question is whether Teslim's motion to reconsider falls under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. The answer to this question turns on the timing of the motion. "If the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)." United States v. Deutsch, 981 F.2d 299, 300-01 (7th Cir.1992). Thus, the motion to reconsider, filed three weeks after the original judgment of January 23, falls under Rule 60(b).
 
 
 4
 The next question is whether the notice of appeal filed by Teslim is sufficient to bring the January 23 judgment for review. The answer to this question is no. A notice of appeal must specify the judgment appealed from. Fed.R.App.P. 3(c). Teslim's notice of appeal designating only the February 18 judgment denying his Rule 60(b) motion precludes Teslim from attacking the January 23 judgment denying his § 2255 motion. See Washington v. Board of Educ., 498 F.2d 11, 15 (7th Cir.1974) (notice of appeal must designate original judgment and judgment denying Rule 60(b) motion if review of both orders is sought); compare Matter of Graybill Corp., 983 F.2d 773, 775-76 (7th Cir.1993) (notice of appeal from Rule 59(e) motion brings up all prior nonmoot orders including original judgment). In addition, an appeal from the denial of a Rule 60(b) motion does not raise the underlying judgment for review. Deutsch, 981 F.2d at 300 n. 1 (citing Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 (1978)). The bases for relief delineated in Rule 60(b) are limited, and none of them were identified in Teslim's motion to reconsider. Teslim simply rehashed an argument that he presented in his § 2255 motion. Confronted with a restatement of an argument already rejected, the district judge acted within his discretion in denying the Rule 60(b) motion for reconsideration. Browder, 434 U.S. at 263 n. 7.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." Fed.R.App.P. 34(a); Circuit Rule 34(f). Teslim has filed such a statement. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 **
 To the extent that this motion is successive, the government failed to raise any objection under Rule 9(b) of the Rules Governing Section 2255 Proceedings, and therefore the issue is waived. McCleskey v. Zant, 111 S.Ct. 1454, 1470 (1991) (government has burden of pleading abuse of the writ)