**PARADIGM SALES, INC., Plaintiff**

v.

**WEBER MARKING SYSTEMS, INC., Defendant.**

**No. 3:93–CV–202RM.**

United States District Court,
N.D. Indiana,
South Bend Division.

Dec. 13, 1994.

James H. Pankow, Jones Obenchain Ford Pankow and Lewis, South Bend, IN, Robert E. Wagner, Daniel N. Christus, James J. Jagoda, Wallenstein Wagner and Hattis, Ltd., Chicago, IL, for defendant.

James A. Masters, Nemeth Masters and Leone, South Bend, IN, for Wayne Tool and Die, Inc.

## MEMORANDUM AND ORDER

MILLER, District Judge.

This cause comes before the court on defendant Weber Marking Systems, Inc.'s motions for leave to file amended answer and for leave to file motion for summary judgment of noninfringement under the doctrine of equivalents, and on plaintiff Paradigm Sales, Inc.'s motion for reconsideration of the court's July 27 memorandum and order. For the following reasons, the court grants Weber's motion for leave to file an amended answer, denies Paradigm's motion for reconsideration, and denies Weber's motion for leave to file a summary judgment motion.

The court presumes familiarity with the facts and prior rulings in this case, and therefore will not repeat them in this memorandum.

### I. Motion for Leave to File Amended Answer

Weber seeks leave to amend its answer to include an affirmative defense of invalidation or unenforceability of U.S. Patent No. 5,014,-896 (the " '896 patent") for improper inventorship.[1] Weber asserts that in the course of discovery it has discovered facts giving rise to this affirmative defense, and thus has sought to amend its complaint accordingly. Weber filed its motion within the time allowed by the court's September 28, 1993 scheduling order.

Paradigm does not oppose the procedural act of allowing Weber to amend its answer, but objects to the substance of Weber's proposed amendments. Paradigm asserts that Weber has not complied with the mandates of Fed.R.Civ.P. 9(b): "In all averments of

Paul B. Hunt, David R. Melton, Barnes and Thornburg, South Bend, IN, for plaintiff.

---

1. The amendment to the answer states: "U.S. Patent No. 5,014,896 is invalid and/or unenforceable because it fails to name the correct persons as inventors."

fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Paradigm contends that the affirmative defense of improper inventorship contains an element of deceptive intent. Thus, Paradigm contends that Weber's proposed affirmative defense is defective under Rule 9(b) for not generally averring such intent.

Paradigm's objection is contingent upon whether deceptive intent is an element of the affirmative defense of improper inventorship. Weber argues that intent is not an element of the defense, and that the Weber need only prove that the inventors were improperly named. Thus, the issue of deceptive intent only becomes material if, after Weber proves that the patent is defective for improper inventorship, Paradigm attempts to have the inventorship changed. At that point, the burden would shift to Paradigm to prove that the inventors were improperly named without deceptive intent.

 The court agrees with Weber's interpretation of the law. Deceptive intent relates to improper inventorship only if and when the patent's owner attempts to remedy the mistake. The governing statute is quite clear that deceptive intent is an issue to be considered when correcting the names of the inventors:

> Whenever through error a person is named in an issued patent as the inventor, or through error an inventor is not named in an issued patent and such error arose without any deceptive intention on his part, the Commissioner may ... issue a certificate correction such error....

35 U.S.C. § 256; *see also* 37 C.F.R. § 1.324. Thus, Weber's burden in asserting the affirmative defense would only be to prove by clear and convincing evidence that the patent contains improper inventorship. *See Jamesbury Corp. v. United States,* 518 F.2d 1384, 1395, 207 Ct.Cl. 516 (1975); *Buildex, Inc. v. Kason Industries, Inc.,* 665 F.Supp. 1021, 1025 (E.D.N.Y.1987). As such, Paradigm's procedural objection to the amended complaint is without merit, and Weber's motion for leave to amend the complaint must be granted.

## II. Motion for Reconsideration

Paradigm seeks reconsideration of the court's July 27 memorandum and order, asserting that the order "contains errors of law and/or is based on a misunderstanding of pertinent undisputed facts." More precisely, Paradigm contends that the court erroneously and improperly interpreted language contained in Claim 1 of the '896 Patent that states "said engaging means including a body slidably accommodated within said housing elongated slot," and that the court erroneously interpreted language contained in Claim 1 of the '896 Patent that states "said first and second positions being defined by longitudinal extremities of said slot."

Paradigm did not cite any of the Federal Rules of Civil Procedure in its motion for reconsideration; "the fact that it challenges the merits of the district court's decision means that it must fall under Rule 59(e) or Rule 60(b)...." *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir.1992) (citation omitted). "Under which rule the motion falls turns on the time at which the motion is served. If the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)." *Id.* (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir. 1990)). Because Paradigm filed the motion more than ten days after entry of the order, its motion must be considered one for relief from judgment or order pursuant to Rule 60(b).

"Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Dickerson v. Board of Educ.,* 32 F.3d 1114 (7th Cir.1994).

> Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. Such motions cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during pendency of the summary judgment motion. The nonmovant has an affirmative duty to come forward to meet a prop-

erly supported motion for summary judgment ... Nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time.

*Publishers Resource v. Walker–Davis Publications,* 762 F.2d 557, 561 (7th Cir.1985) (emphasis in original) (quoting *Keene Corp. v. International Fidelity Ins. Co.,* 561 F.Supp. 656, 655–66 (N.D.Ill.1982)).

■ Paradigm submitted photographs of Weber's staple gun with its Rule 60(b) motion that were not submitted during the pendency of the summary judgment motions. Weber objects to this new evidence because Paradigm offered no explanation for failing to offer it during the earlier proceedings. Paradigm argues that the evidence is not new, but is merely augments evidence submitted during the pendency of the summary judgment motions. The court must agree with Weber that the newly submitted photographs constitute new evidence. Because Paradigm has presented no justifiable reason why this evidence was not presented to the court at an earlier date, the court will decline to take it into account in reviewing this motion. *Publishers Resource v. Walker–Davis Publications,* 762 F.2d at 561 (a Rule 60(b) motion "cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during pendency of the summary judgment motion.") The court also will decline to take into consideration any new arguments based on this new evidence. *Id.* ("all of the evidence on which [the Rule 60(b) movant's] new arguments rest was available to it at the time it responded to plaintiff's summary judgment motion and [the movant] was obligated to make these arguments at that time").

■ Paradigm first asserts that the court erroneously and improperly construed the following language in Claim 1 of the '896 Patent: "said engaging means including a body slidably accommodated within said housing elongated slot." Paradigm contends that the court erred by improperly reading a nonexistent functional limitation into the claim:

> The Court ... noted that in the staple gun apparatus disclosed in he '896 patent, the slot provided an additional function of guiding the T-shaped body of the disclosed engaging means as it shifts between its first and second positions. The Court then read that guiding function into the claim. This is improper.

Paradigm's Brief in Support, at 3–4.

Paradigm has not, however, pointed to any language in the order suggesting that court incorrectly included the guiding limitation in its determination. In fact, the relevant portion of the order explicitly stated:

> The court is mindful that it may not read into the claim limitations found in the specifications and drawings; nevertheless, the court does not find that the indexing pivot arm of the Weber staple gun is "slidably accommodated within said housing elongated slot."

Order, at 9. Paradigm does not say why it believes the court proceeded to do exactly what it noted it was forbidden to do, that is, "read into the claim limitations found in the specifications and drawings." Paradigm's first argument is without merit.

Second, Paradigm asserts that, when applying the above language from Claim 1 to the Weber staple gun, the court inaccurately concluded that the body of the engaging means of the Weber staple gun is not "slidably accommodated within said housing elongated slot." Paradigm asserts that is unclear as to how the court reached this conclusion, and suggest three possible bases. Paradigm's theories need not be discussed, because the order specifically identified the basis of its conclusion:

> [T]he court does not find that the indexing pivot arm of the Weber staple gun is "slidably accommodated within said housing elongated slot." The movement of the Weber indexing pivot arm is not a sliding motion within the elongated slot, but a free-flowing circular motion for which the elongated slot is not a necessary accommodation.

Order, at 9. Paradigm asserts that the court reached this conclusion without the benefit of an evidentiary basis. This contention is without merit. The court based its conclusion upon all of the evidence before it, including the drawings of the Weber staple gun

and the Vanderwiel Declaration. Paradigm has not persuaded the court that this conclusion was a "manifest error of law or fact," and as such this theory is also without merit. *Publishers Resource v. Walker–Davis Publications,* 762 F.2d at 561.

Third, Paradigm asserts that the court erroneously interpreted the following portion of the '896 patent: "said first and second positions being defined by longitudinal extremities of said slot." Paradigm contends that the court "erred by construing the quoted portion of the claim, inconsistent with the specification, to provide that the first and second positions are 'at' the extremities of the slot rather than 'defined by' the extremities of the slot." The earlier order addressed this argument:

> Paradigm contends that the first and second positions are merely "defined" by the extremities, and that the body need not actually touch the extremities when shifting from the first to the second position. Paradigm asserts that Claim 1 simply dictates that the body cannot travel beyond the extremities. The court disagrees.... The context in which the phrase "first position" and "second position" are uses indicates that Claim 1 of the '896 patent envisioned a body which moved solely between two positions, with those positions being the outermost or furthest points of the elongated slot.

Order, at 11. Again, the court based its conclusion upon all of the evidence properly presented to it while the summary judgment motions were pending. Paradigm has not convinced the court that, based on that evidence, this conclusion was a "manifest error of fact or law." *Publishers Resource v. Walker–Davis Publications,* 762 F.2d at 561. Therefore, Paradigm's motion for reconsideration must be denied.

### III. *Motion for Leave to File Summary Judgment Motion*

Weber asks leave to file a motion for summary judgment on noninfringement under the doctrine of equivalents, contending that such motion would be completely dispositive of the case. Paradigm objects that the motion would be improper because the issue of noninfringement under the doctrine of equivalents is a question of fact, and because the motion is untimely.

■ Paradigm's argument as to the doctrine of equivalents requiring determinations of fact is unpersuasive. Both Weber and the court acknowledge that the issue necessarily raises questions of fact. Certainly, a summary judgment motion on this issue would require discussion of pertinent facts, some of which Paradigm might dispute. This does not necessarily prohibit a grant of summary judgment; summary judgment is appropriate when the party seeking summary judgment demonstrates that no genuine issue of fact exists for trial and that the movant is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Duane v. Lane,* 959 F.2d 673, 675 (7th Cir.1992). The non-moving party must show that the disputed fact is material, or outcome-determinative, under applicable law. *Kizer v. Children's Learning Center,* 962 F.2d 608, 611 (7th Cir.1992). As is clear from these standards, the mere presence of a disputed fact is not adequate to prevent a grant of summary judgment.

Second, Paradigm asserts that the motion for leave to file is untimely. The motion was filed more than five weeks after the July 28 deadline for filing of dispositive motions. Weber asserts that it could not have filed the motion by the deadline, because the basis of the proposed summary judgment motion did not arise until it received the court's July 27 order finding no literal infringement. The court appreciates both parties' positions. This cause is currently scheduled for a five-day jury trial commencing January 30, 1995, and to grant leave to file the motion at this juncture would jeopardize the stability of that setting. Therefore, in the interest of justice, Weber's motion for leave to file a summary judgment motion must be denied.

### IV. *Conclusion*

Therefore, for the reasons stated above, the court:

1) GRANTS defendant Weber Marking Systems, Inc.'s motion for leave to file amended answer (filed June 27, 1994 (# 90));

2) DENIES plaintiff Paradigm Sales, Inc.'s motion for reconsideration of the court's July 27, 1994 Memorandum and Order (filed August 19, 1994 (# 96)); and

3) DENIES defendant Weber Marking Systems, Inc.'s motion for leave to file motion for summary judgment under the doctrine of equivalents (filed September 6, 1994 (# 99)).

SO ORDERED.