47 F.3d 1173
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Leonard W. KOTWITZ, Plaintiff/Appellant,
v.
UNITED STATES POSTAL SERVICE, Defendant/Appellee.
 No. 92-3752.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 9, 1995.*
Decided Feb. 14, 1995.
 
 Before BAUER, COFFEY and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Leonard W. Kotwitz appeals the district court's judgment, which dismissed his complaint, and various district court orders, which denied his motions for post-judgment relief. With respect to the district court judgment dismissing Kotwitz's complaint, we dismiss the appeal for lack of jurisdiction. With respect to the district court orders subsequent to judgment, we affirm the decisions of the district court.
 
 
 2
 Kotwitz filed this complaint in state court in 1992, alleging various claims against the United States Postal Service arising from the termination of his employment with the Post Office in 1981. The Postal Service removed the complaint to federal district court. On August 10, 1992, the district court dismissed the complaint under the doctrine of res judicata: Kotwitz had filed a complaint in district court arising from the same operative facts in 1982. On August 24, 1992, Kotwitz filed a motion to reconsider, which the district court denied on August 27. Kotwitz thereupon filed a series of motions with the district court. The district court denied these motions in a series of five orders.
 
 
 3
 First, Kotwitz filed a motion for new trial under Rule 59(a), which the district court denied because Kotwitz had never had a trial. Then Kotwitz filed a motion for summary judgment, which the district court denied as moot. Kotwitz then filed a motion to set aside the verdict, which the district court denied because there had been no verdict. Finally, Kotwitz filed a motion to vacate the judgment, which the district court denied as being without legal merit. Kotwitz filed a notice of appeal from all the district court orders on November 9, 1992. On appeal, the Postal Service filed a motion to dismiss Kotwitz's appeal for lack of appellate jurisdiction under Rule 4(a) of the Federal Rules of Appellate Procedure.
 
 
 4
 Where an agency of the United States is a party to suit, an appellant has 60 days to file an appeal from the district court decision. See Fed.R.App.P. 4(a)(1). However, if certain motions are timely made, the time for appeal tolls and is measured from the entry of the order disposing of the last such motion outstanding. Fed.R.App.P. 4(a)(4). The motions which toll the time for appeal include motions to amend or make additional findings of fact under Rule 52(b); to alter or amend the judgment under Rule 59; and for relief under Rule 60(b) if the motion is served within 10 days of the entry of judgment. Fed.R.App.P. 4(a)(4).
 
 
 5
 Kotwitz filed "a motion to reconsider" 10 days after the district court's judgment.[1] "Though he neglects to cite any rule as the basis for his motion, the fact that it challenges the merits of the district court's decision means that it must fall under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure." United States v. Deutsch, 981 F.2d 299, 300 (7th Cir.1992) (citing Lavespere v. Niagra Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir.1990), cert. denied, 114 S.Ct. 171 (1993)). "In this circuit, all motions addressed to the judgment that are filed within 10 days of the entry of judgment, except purely procedural motions such as for extensions of time, and motions that kick off collateral proceedings such as a proceeding to obtain an award of costs or attorney's fees, are deemed to be Rule 59(e) motions." Lorenzen v. Employees Ret. Plan of Sperry & Hutchinson, 896 F.2d 228, 231 (7th Cir.1990) (citing Charles v. Daley, 799 F.2d 343, 347 (7th Cir.1986)). A Rule 59 motion "shall be served not later than 10 days after entry of the judgment." Fed.R.Civ.P. 59(e).[2]
 
 
 6
 "Rule 4(a)(4) of the Federal Rules of Appellate Procedure provides that the filing of a motion under Rule 59(e) of the Federal Rules of Civil Procedure to reconsider a judgment tolls the time for appealing from the judgment until the motion is decided...." United States v. Gargano, 826 F.2d 610, 611 (7th Cir.1987). Hence, even if we assumed that the time to appeal the district court's judgment was tolled due to a timely Rule 59(e) motion, the district court denied the motion on August 27. Thus, Kotwitz had 60 days from August 27 in which to file a notice of appeal for both the judgment dismissing his case and the denial of his motion to reconsider. Kotwitz filed the notice of appeal on November 9, 1992: 72 days later. Because the notice of appeal was filed more than 60 days beyond the entry of the order denying Kotwitz's motion to reconsider, we lack jurisdiction to review both the district court's judgment and the district court's denial of the motion to reconsider.[3]
 
 
 7
 After the district court denied his motion to reconsider, Kotwitz filed a series of motions with the district court, challenging the district court's dismissal of his complaint. The district court disposed of these motions in five separate orders dated October 1; October 13; October 16; October 20; and November 2. In his notice of appeal, Kotwitz appeals these five orders. Because the notice of appeal was filed within 60 days of these orders, we have appellate jurisdiction. See Fed.R.App.P. 4(a)(1).
 
 
 8
 "Substantive motions to amend or alter a judgment served more than 10 days after entry of judgment are to be evaluated under Rule 60(b)." Deutsch, 981 F.2d at 301. "The Court of Appeals may review the ruling only for abuse of discretion, however, and an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review." Browder v. Director, Dep't of Corrections of Ill., 434 U.S. 257, 263 n. 7 (1978).
 
 
 9
 Kotwitz filed motions challenging the district court's dismissal of his complaint. He did not allege any excusable neglect, newly discovered evidence, or any other reason justifying relief from the operation of the judgment. See Fed.R.Civ.P. 60(b); Deutsch, 981 F.2d at 301 ("substantive motions served from the eleventh day on must be shaped to the specific grounds for modification or reversal listed in Rule 60(b)--they cannot be general pleas for relief."). Hence, the district court did not abuse its discretion in denying Kotwitz's motions. Accordingly, the 1992 orders of the district court dated October 1; October 13; October 16; October 20; and November 2 are AFFIRMED; and the appeals from the district court's August 10 judgment and August 27 order are DISMISSED for lack of jurisdiction.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 The district court judgment was entered August 10. Fed.R.Civ.P. 6(a) provides in part: "When the period prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." In 1992, August 10 was a Monday. Ten days later is Monday, August 24. Despite the Postal Service's arguments to the contrary, Kotwitz, hence, filed his motion to reconsider within 10 days after judgment
 
 
 [2]
 In the record before us, there is no certification of service for Kotwitz's motion. Hence, there is no record of when the motion was served on the Postal Service. However, the Postal Service does not assert that it had not been served with the motion
 
 
 [3]
 Additionally, there are no unique circumstances present in this case. "The doctrine of unique circumstances relieves a party from the consequences of filing a late notice of appeal where the district court has affirmatively assured the party that his motion has tolled the time for filing a notice of appeal." Hope v. United States, No. 93-3207, slip op. at 4 (7th Cir. Dec. 23, 1994) (citing Thompson v. Immigration & Nat. Serv., 375 U.S. 384, 387 (1964))