77 F.3d 485
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Milton WEEKLY, Petitioner-Appellant,
v.
Richard CLARK, Respondent-Appellee.
 No. 95-1754.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 24, 1996.*
Decided Feb. 7, 1996.
Rehearing and Suggestion for Rehearing En Banc Denied May 10, 1996.
 
 Before FAIRCHILD, COFFEY and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Milton Weekly is serving a 40-year state term of imprisonment for attempted murder. The Indiana courts denied Weekly's direct appeal, petition for a writ of habeas corpus, and petition for post-conviction relief. On December 10, 1991, Weekly filed a petition pursuant to 28 U.S.C. § 2254. The district court issued a memorandum and order on July 2, 1993, denying Weekly's Sixth Amendment claims but setting an evidentiary hearing on Weekly's Batson claim. See Batson v. Kentucky, 476 U.S. 79 (1986). After holding the evidentiary hearing, the district court issued a memorandum and order on May 26, 1994, denying Weekly's Batson claim. The judgment denying Weekly's § 2254 petition was entered on June 2, 1994.
 
 
 2
 Weekly did not attempt to challenge the judgment until November 30, 1994, when he filed a motion for dismissal of his court-appointed attorney, for leave to prosecute an interlocutory appeal, and for reconsideration of the judgment. The district court denied this motion on December 9, 1994. Weekly filed a motion on January 19, 1995 to vacate the judgment and for a new trial; the motion was denied on January 24, 1995. He then filed a "Motion to Correct Errors" on February 1, 1995; this motion was denied on February 7, 1995. Weekly filed a notice of appeal on March 6, 1995.[1]
 
 
 3
 We have jurisdiction to review the February 7 order, issued less than thirty days prior to the notice of appeal. Arguably, we may also review the January 24 order, since the February 1 motion, which was a Rule 60(b) motion with respect to the underlying judgment, could be treated as a Rule 59(e) motion with respect to the January 24 order, thus tolling the time for appeal of that order. See Fed.R.Civ.P. 59(e), 60(b); Fed.R.App.P. 4(a)(4); cf. Dickerson v. Board of Education, 32 F.3d 1114 (7th Cir.1994) (reviewing the denial of a motion to reconsider the denial of a previous motion to reconsider). The November 30, January 19, and February 1 motions were all served more than ten days after entry of judgment. They were thus motions under Rule 60(b), at least with respect to the judgment. United States v. Deutsch, 981 F.2d 299, 300-01 (7th Cir.1992).[2] Appeal of the denial of Rule 60(b) motions does not bring up the underlying judgment for review. Id. at 300 n. 1 (citing Browder v. Director, Dept. of Corrections, 434 U.S. 257, 263 (1978)). Moreover, Rule 60(b) motions do not toll the time for taking an appeal, which is thirty days in Weekly's case. Fed.R.App.P. 4(a)(1), (4). Accordingly, we clearly have no jurisdiction to review Weekly's challenges to orders prior to January 24, 1995, or to the judgment.
 
 
 4
 Assuming that the January 24 order is reviewable, we must determine whether the January 19 motion sought relief based on the grounds listed in Rule 60(b). Fed.R.Civ.P. 60(b); Deutsch, 981 F.2d at 301. The motion alleged various legal errors by the district court; the only argument resembling a Rule 60(b) ground was that his counsel in the § 2254 proceedings was ineffective and labored under a conflict of interest. Weekly repeats this argument on appeal.
 
 
 5
 The same argument is Weekly's sole argument on appeal respecting the February 7 order. The argument has no merit, since there is no constitutional right to effective assistance of counsel in § 2254 proceedings. Lostutter v. Peters, 50 F.3d 392, 396 (7th Cir.) (citing Pennsylvania v. Finley, 481 U.S. 551, 555, 559 (1987)), cert. denied, 116 S.Ct. 130 (1995). Even if certain conflicts of interest (say, those created by the government) might conceivably constitute cause for a failure to present certain arguments previously during the § 2254 proceedings, cf. Buelow v. Dickey, 847 F.2d 420, 426-27 (7th Cir.1988), cert. denied sub nom. Buelow v. Bablitch, 489 U.S. 1032 (1989), Weekly does not attempt to explain in his appellate briefs the nature of the conflict of interest. As best we can determine from his appellate briefs and motions, Weekly believes that his counsel had a conflict of interest because the district court approved of his counsel's handling of the case and denied Weekly's attempts to have his counsel held in contempt, dismissed, and otherwise held accountable for alleged errors in Weekly's case. That the district court disagreed with Weekly's opinion of his counsel, or that Weekly is disappointed that his counsel did not obtain § 2254 relief for him, simply is not sufficient to show that his counsel had any conflict of interest.
 
 
 6
 The appeal is DISMISSED for lack of appellate jurisdiction, except to the extent that the appeal challenges the district court's order of January 24, 1995 (which denied a motion to vacate the judgment and for a new trial) and the district court's order of February 7, 1995 (which denied a "Motion to Correct Errors"). In all other respects, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App. 34(a); Cir.R. 34(f). Petitioner-appellant has filed such a statement. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and the record
 
 
 [1]
 Weekly also filed a notice of appeal on February 24, 1995. The first appeal, No. 95-1753, was dismissed by our court for failure to file a jurisdictional statement
 
 
 [2]
 Likewise, the January 19 and February 1 motions were served more than ten days after the December 9 order, and thus were Rule 60(b) motions with respect to that order