**GHSC ASSOCIATES LIMITED PARTNERSHIP, as successor in interest to the Glen Hollow Partnership, an Illinois General Partnership on Behalf of the Big Hollow Land Trust Under Trust Agreement No. 77–6096–00–0, Plaintiff–Appellant,**

v.

**WAL–MART STORES, INC., a Delaware Corporation, Defendant–Appellee.**

No. 00–2619.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 30, 2001.

Decided Feb. 19, 2002.

Before FLAUM, Chief Judge, CUDAHY, and MANION, Circuit Judges.

## ORDER

Glen Hollow Partnership, plaintiff, filed a motion with the district court, pursuant to Fed.R.Civ.P. 60(b), requesting that the court reconsider its decision granting summary judgment in favor of the defendant, Wal–Mart Stores, Inc. The district court denied its motion, and the plaintiff appeals. We affirm.

## I.

This is the second time this case has made its way to our court. Because the underlying facts of the case are set out in detail in our prior decision, *Glen Hollow Partnership v. Wal–Mart Stores, Inc.*, 139 F.3d 901 (7th Cir.1998) (*Glen Hollow I*), we recite only those facts necessary to the disposition of this appeal.

On October 21, 1991, Glen Hollow Partnership filed a five-count complaint against Wal–Mart Stores, Inc., alleging anticipatory breach of a lease agreement as well as other causes of action. The district court entered summary judgment in favor of Wal–Mart on all counts except Glen Hollow's claim for anticipatory breach of contract. This claim went to trial, and a jury awarded Glen Hollow damages in the amount of $2.2 million dollars. Pursuant to Wal–Mart's post-trial motion, the district court upheld the jury's verdict as to liability but vacated the $2.2 million dollar award of damages, granting Wal–Mart a new trial on that particular issue. Glen Hollow, however, filed a timely motion, pursuant to Fed.R.Civ.P. 59(e), requesting that the district court reinstate the jury's verdict on damages. The district court granted the motion, and Wal–Mart appealed the decision to this court. We reversed the district court, and remanded the case for retrial on liability and damages. *Glen Hollow I*, 139 F.3d at ——, 1998 WL 84144, *5. After remand, the parties spent approximately 14 months litigating discovery and other issues. Eventually, they filed cross motions for summary judgment. On February 29, 2000, the district court granted Wal–Mart's motion for summary judgment and denied Glen Hollow's motion. On March 30, 2000, exactly 30 days after the entry of judgment, Glen Hollow filed a "Motion to Reconsider" with the district court. The district court denied the motion, and Glen Hollow appeals this decision. We affirm.

## II.

■ As an initial matter, we note that Glen Hollow waived its right to challenge the district court's February 29, 2000 summary judgment order. Glen Hollow did not file a notice of appeal within 30 days after the order was entered as required under Fed. R.App. P. 4(a)(1), nor did it file any motions under Fed. R.App. P. 4(a)(4) which could have tolled the time to file a notice of appeal.[1] Glen Hollow did eventually file a "Motion to Reconsider," but it was not filed pursuant to any specific federal rule of civil procedure. Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. We have held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Fed.R.Civ.P. 59(e) or Fed.R.Civ.P. 60(b). *See, e.g., Mares v. Busby,* 34 F.3d 533, 535 (7th Cir.1994). As we noted in *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir.1992), "[i]n cases where it is unclear whether a motion challenging a judgment on the merits is made under Rule 59(e) or Rule 60(b)," the date of service will determine how the motion will be treated. Thus, " '[i]f the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b).' " *Id.* (citation omitted). Because Glen Hollow's motion to reconsider was served 30 days after the entry of judgment, the district court properly treated the motion as having been filed pursuant to Rule 60(b).

■ Rule 60(b) permits a district court to relieve a party from a judgment on the grounds of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b). We review a district court's denial of a Rule 60(b) motion for an abuse of discretion,

---

1. Glen Hollow did, however, file a Motion to Extend Time to File Notice of Appeal on April 3, 2000, seeking an extension of time to appeal the February 29, 2000 order granting Wal–Mart summary judgment. The district court denied this motion.

see, e.g., *Castro v. Bd. of Educ. of City of Chicago*, 214 F.3d 932, 934 (7th Cir.2000); *Nelson v. City Colleges of Chicago*, 962 F.2d 754, 755 (7th Cir.1992), and will only find an abuse of discretion if we determine that "no reasonable person could agree with the district court." *Nelson*, 962 F.2d at 755; *see also Mares*, 34 F.3d at 535. In considering a denial of a Rule 60(b) motion, an appellate court does not have jurisdiction over the merits of the underlying judgment. *Browder v. Dir., Dept. of Corr. of Illinois*, 434 U.S. 257, 263, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 131 F.3d 625, 628 (7th Cir.1997). The abuse of discretion standard means that we will not "second-guess the decision of a trial judge that is in conformity with established legal principles and, in terms of its application of those principles to the facts of the case, is within the range of options from which one could expect a reasonable trial judge to select." *Cincinnati Insurance*, 131 F.3d at 628. Finally, we note that relief under Rule 60(b) is an extraordinary remedy that is to be granted only in exceptional circumstances. *See, e.g., Talano v. N.W. Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir.2001); *Manley v. City of Chicago*, 236 F.3d 392, 398 (7th Cir.2001).

■ In denying Glen Hollow's motion, the district court determined that the motion was procedurally deficient because it was not shaped to the specific grounds for modification or reversal listed in Rule 60(b). The district court did not, however, rest its decision solely on that ground, but instead went to great lengths to address any arguments contained in Glen Hollow's accompanying brief that could remotely be characterized as falling within the ambit of one of the grounds prescribed by Rule 60(b). After conducting this analysis, the district court concluded that none of Glen Hollow's arguments justified invoking the "extreme remedy of vacating the summary judgment Order . . . ." This analysis, while admirable, was unnecessary. When "substantive motions served from the eleventh day on [are not] . . . shaped to the specific grounds for modification or reversal listed in Rule 60(b)," *Deutsch*, 981 F.2d at 301, district court judges are under no duty to manufacture them on behalf of the movant. It is the movant's responsibility to make its contentions clear. *Id.* at 302. Glen Hollow's arguments that the district court erred in disqualifying one of its expert witnesses, and in misinterpreting evidence "cannot be shoe-horned into grounds for Rule 60(b) relief." *Cash v. Illinois Div. of Mental Health*, 209 F.3d 695, 698 (7th Cir.2000). The reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir.2000). This is exactly what Glen Hollow sought to do when it filed its Motion to Reconsider. A Rule 60(b) motion cannot be used as "an alternate route for correcting simple legal errors. Rather, it exists to allow courts to overturn decisions where 'special circumstances' justify an 'extraordinary remedy.'" *Cash*, 209 F.3d at 698. An appeal, as opposed to a Rule 60(b) motion, is the proper vehicle to redress claimed legal errors, "otherwise, a party could circumvent the ordinary time limitation for filing a notice of appeal." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir.1995).

It is abundantly clear that the purpose of Glen Hollow's "Motion to Reconsider," as well as this appeal, was to challenge the district court's February 29, 2000 order granting summary judgment to Wal–Mart, and that its motion and accompanying brief contained arguments that should have been brought in a Rule 59(e) motion or on direct appeal. Were we to consider

these untimely arguments, "the rules governing the timeliness of appeal would quickly lose their bite, and one of the law's primary purposes–to settle disputes finally–would be undermined." *Cash*, 209 F.3d at 698. Because Glen Hollow failed to specify any Rule 60(b) ground upon which the judgment could be vacated, the district court did not abuse its discretion in denying its motion to reconsider.

## III.

The district. court did not abuse its discretion in denying Glen Hollow's Rule 60(b) motion. We, therefore, AFFIRM the decision of the district court.