**Ruby HELM, Plaintiff–Appellant,**

**v.**

**RESOLUTION TRUST CORPORATION, as Receiver for Great American Savings of Oak Park, Defendant–Appellee.**

No. 93–3880.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 23, 1994.

Decided Jan. 4, 1995.

Everett J. Cygal (argued), Chicago, IL, for plaintiff-appellant.

Arthur F. Radke, Martin B. Carroll (argued), Hefter & Radke, Chicago, IL, for defendant-appellee.

Before POSNER, Chief Judge, COFFEY and KANNE, Circuit Judges.

KANNE, Circuit Judge.

Ruby Helm's suit against the Resolution Trust Corporation was dismissed for lack of subject matter jurisdiction. The district court further denied Helm's "Motion to Reconsider" the dismissal. Helm appeals both the dismissal of her suit and the denial of her motion. Because Helm's motion should have

been considered under Fed.R.Civ.P. 60(b), rather than Rule 59(e), we vacate the denial of the motion and remand for the district court to consider it further.

## I. *Background*

Ruby Helm owned an apartment building in Chicago, on which she took out a bank mortgage. The bank that held her mortgage became insolvent, so the Resolution Trust Corporation (RTC) took over both the bank and Helm's mortgage. In 1990, a fire damaged Helm's building. She had insured it, and she hired a contractor to repair the damage. The insurance company paid the insurance proceeds to the RTC; the RTC made periodic payments to the contractor as he worked. Helm claims the contractor neither completed his work nor performed it in a workmanlike manner. Thus, she says, the RTC should never have paid the contractor. Therefore, in January 1992, Helm filed an administrative complaint with the RTC, alleging that the RTC, acting as receiver for the bank, breached its fiduciary duty by paying the contractor for ill-done work.

■ RTC actions are largely governed by the Financial Institutions Reform, Recovery and Enforcement Act (FIRREA). FIRREA provides that one of the RTC's tasks is to consider claims such as Helm's. The RTC may find in favor of the claimant, or it may "disallow" the claim, i.e., reject it. 12 U.S.C. § 1821(d)(5)(D). On January 20, 1993, the RTC disallowed Helm's claim.

■ Helm, unsurprisingly, was dissatisfied with the RTC's decision. Unfortunately for Helm, FIRREA generally forbids federal judicial review of RTC actions. "Except as otherwise provided in this subsection, no court shall have jurisdiction over ... any claim relating to any act or omission of ... the [RTC] as receiver." 12 U.S.C. § 1821(d)(13)(D). FIRREA further explicitly forbids judicial review of RTC disallowances made pursuant to § 1821(d)(5)(D). "No court may review the [RTC's] determi-

nation ... to disallow a claim." 12 U.S.C. § 1821(d)(5)(E).

■ However, FIRREA loosens the prohibition on federal jurisdiction in two circumstances: where the RTC has already reviewed its own disallowance, and where the claimant files a fresh suit in federal district court. But unless a claimant takes one of these two options, § 1821(d)(5)(E) bars any federal jurisdiction over a disallowed claim.

■ First, if the RTC has itself reviewed a disallowance and again denied a claim, the federal courts may then review the disallowance. The claimant must request internal RTC review, and if the RTC agrees to the request, it will hold a hearing and make a determination. 12 U.S.C. § 1821(d)(7)(A). Only if that point is reached, and the complainant is still dissatisfied with the result, may the claimant then file suit in federal district court asking for judicial review of the RTC's disallowance. *Id.* The Administrative Procedure Act would govern such judicial review.[1]

■ Second, the dissatisfied claimant may avoid further dealing with the RTC. He may return to square one, and, under 12 U.S.C. § 1821(d)(6)(A), file suit against the RTC in federal district court, not for review of the RTC's disallowance, but for relief on the underlying claim. Such a suit ignores the RTC's disallowance and allows *de novo* examination of the claim by the federal courts. FIRREA explicitly gives the federal courts jurisdiction over such a suit. 12 U.S.C. § 1821(d)(6)(A).

Helm filed suit in federal court. But Helm chose neither of the two options FIRREA gave her. Instead, she asked for something FIRREA explicitly prohibits: judicial review of the disallowance pursuant to the Administrative Procedure Act, without an initial review by the RTC. As the statutory basis for federal jurisdiction, Helm cited § 1821(d)(7)(A), ignoring the language of that subsection. She did not ask, in any form, for *de novo* consideration of her claim, as she could have under § 1821(d)(6)(A).

---

1. We say "would" because such review apparently never occurs. The RTC admits it never grants requests for administrative review of its disallow-

ances, and it apparently is not required to do so. Helm does not complain about this policy.

The RTC responded by filing a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). The RTC pointed out that § 1821(d)(7)(A) explicitly denied jurisdiction to review the RTC's disallowance of Helm's claim because the RTC had not itself reviewed the disallowance.

Helm's answer to the RTC's argument was silence. She made no response in the days before the district judge convened a hearing on the motion. At the hearing, instead of arguing that what Helm meant to do was file a complaint for a fresh suit in federal court under § 1821(d)(6)(A), Helm's counsel kept silent, even when given the opportunity by the district judge to explain why there might be subject matter jurisdiction. Seeing no alternative, the district judge dismissed Helm's suit under Fed.R.Civ.P. 12(b)(1).

Helm did nothing for nearly a month. Apparently, sometime after the dismissal, she realized that FIRREA would have allowed her to file a suit asking for *de novo* examination of her claim in federal court, under § 1821(d)(6)(A). But it was too late to file that suit. FIRREA has a sixty day time limit for commencing any action after the RTC disallows a claim. If a claimant misses that deadline, he is barred both from further RTC review and from a new suit in federal court. 12 U.S.C. § 1821(d)(6)(B). And sixty days had long passed by the time Helm realized her error.

So, twenty-eight days after the dismissal of her suit, Helm served what she called a "Motion to Reconsider and for Leave to File an Amended Complaint." If she could reopen her dismissed suit, which she had brought within the sixty day deadline, she could proceed, at least beyond the question of jurisdiction. In her motion, Helm admitted she had erred by bringing her suit with the wrong FIRREA jurisdictional hook. She claimed she had *meant* to bring an entirely new suit under § 1821(d)(6)(A). Helm attached a proposed amended complaint to her motion. The amended complaint appeared to fully cure the defects that had killed her earlier complaint: it cited § 1821(d)(6)(A), the correct section for federal jurisdiction for a new suit, and no longer asked for judicial review of the RTC's disallowance pursuant to the Administrative Procedure Act.

The district judge, however, rejected Helm's motion. He rejected it not on its merits, but because of its timing. Perhaps because Helm cited no Rule under which she was seeking relief, the judge characterized Helm's motion as a Rule 59(e) motion. He scheduled another hearing, at which Helm's counsel was again present. The judge noted that Rule 59(e) motions must be served within 10 days of a final judgment. Fed.R.Civ.P. 59(e). Because Helm had not served her motion within that time, it automatically failed as untimely under Rule 59(e). Helm's counsel again had no response to the judge's queries, so Helm was out once more.

## II. *Analysis*

■ The analysis of the problem in the district court was certainly correct, to a point. However, the analysis did not go quite far enough: Helm's motion was required to be considered as a 60(b) motion, not just as an untimely 59(e) motion.

■ Rules 59(e) and 60(b) provide for different motions directed to similar ends. Rule 59(e) governs motions to "alter or amend" a judgment; Rule 60(b) governs relief from a judgment or order for various listed reasons. Rule 59(e) generally requires a lower threshold of proof than does 60(b), but each motion seeks to erase the finality of a judgment and to allow further proceedings. Rule 59(e) contains a strict ten-day deadline, while Rule 60(b) allows a year, sometimes more. In Helm's case, however, we are not concerned with the substantive requirements of 59(e) and 60(b) but with deciding which Rule governed Helm's "Motion to Reconsider."

■ We have established a bright-line rule for distinguishing 59(e) motions from 60(b) motions. The time of a motion's service controls whether a motion challenging a judgment is a 60(b) or a 59(e) motion. Such a motion, if served within ten days of a final judgment, is a 59(e) motion. *United States v. Deutsch,* 981 F.2d 299, 301 (7th Cir.1992); *Charles v. Daley,* 799 F.2d 343, 347 (7th Cir.1986). Conversely, a motion served more

than ten days after a final judgment is a 60(b) motion. *Deutsch,* 981 F.2d at 301.

This bright-line rule simplifies treatment of 59(e) and 60(b) motions. The rule reduces the confusion often caused when movants haphazardly title and characterize motions asking that a judgment be re-opened. It makes decisions easier for both judge and litigant, and, because 59(e) tolls the time for appeal while 60(b) does not, makes it easy for the Court of Appeals to be sure when it has jurisdiction over an appeal. Of course, the substantive standards of the two rules still differ: our rule only addresses which rule's standards apply.

■ Here, the district court erred by only considering Helm's motion under 59(e). *Deutsch* required consideration of the motion as a 60(b) motion, rather than simply dismissing it as untimely under 59(e). "[A] motion will not be thrown out as untimely simply because it is captioned 'Motion for Reconsideration' but was not served within ten days of the judgment." *Deutsch,* 981 F.2d at 301.[2]

We do not consider whether the district court would have had to grant Helm's motion if it had considered it under 60(b). That decision is within the judge's sound discretion, and he may reach his own reasoned conclusion on the merits of the motion. But the district court must reach those merits and consider whether Helm should receive relief from the judgment under Rule 60(b). We therefore VACATE the district court's dismissal of Helm's "Motion to Reconsider," and REMAND for consideration of the merits of Helm's motion under Rule 60(b).

---

**2.** As *Deutsch* notes, however, motions considered under Rule 60(b) must be shaped to the grounds 60(b) lists as possible bases for relief. Such motions cannot be mere general pleas for relief. *Deutsch,* 981 F.2d at 301. Helm's motion meets that requirement. The district judge might find it fits under the 60(b)(1) category of "mistake," for example. If not that, the motion appears to show, under 60(b)(6), a possible special reason justifying relief from the judgment: subject matter jurisdiction clearly does exist, and thus there arguably should be a decision on the merits. We express no opinion on whether in Helm's case these are adequate or compelling grounds for relief under Rule 60(b), but Helm's motion does appear to fit the general categories Rule 60(b) addresses.