**Ruby HELM, Plaintiff,**

v.

**RESOLUTION TRUST CORPORATION, as receiver for Great American Savings of Oak Park, Defendant.**

**No. 93 C 1695.**

United States District Court, N.D. Illinois, Eastern Division.

May 15, 1995.

Everett J. Cygal, Edward R. Vrdolyak, Ltd., for plaintiff.

Arthur R. Radke and Martin B. Carroll, Hefter & Radke, for defedndant.

### MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

This action is here on remand from our Court of Appeals by reason of this Court's original denial of the motion of Ruby Helm ("Helm") for reconsideration of this Court's earlier order of dismissal—a denial that had been grounded on this Court's ruling that the reconsideration motion was untimely under

---

Fed.R.Civ.P. ("Rule") 59(e). On appeal the Court of Appeals held that the motion should instead have been treated as timely under Rule 60(b) and should then have been dealt with on the merits.[1] On remand Resolution Trust Corporation, as receiver for Great American Savings of Oak Park ("RTC"), opposes reconsideration under Rule 60(b) as well, and the parties have now completed their briefing of the subject.

At the outset it is necessary to define this Court's task on remand. Here are the concluding portions of the Opinion—its footnote 2 (Opinion at 1167 n. 2) and the Opinion's final text paragraph (*id.* at 1167):

> 2. As [*United States v.*] *Deutsch* [, 981 F.2d 299 (7th Cir.1992)] notes, however, motions considered under Rule 60(b) must be shaped to the grounds 60(b) lists as possible bases for relief. Such motions cannot be mere general pleas for relief. Helm's motion meets that requirement. The district judge might find it fits under the 60(b)(1) category of "mistake," for example. If not that, the motion appears to show, under 60(b)(6), a possible special reason justifying relief from the judgment: subject matter jurisdiction clearly does exist, and thus there arguably should be a decision on the merits. We express no opinion on whether in Helm's case these are adequate or compelling grounds for relief under Rule 60(b), but Helm's motion does appear to fit the general categories Rule 60(b) addresses.
>
> \*　\*　\*　\*　\*　\*
>
> We do not consider whether the district court would have had to grant Helm's motion if it had considered it under 60(b). That decision is within the judge's sound discretion, and he may reach his own reasoned conclusion on the merits of the motion. But the district court must reach those merits and consider whether Helm should receive relief from the judgment under Rule 60(b). We therefore VACATE the district court's dismissal of Helm's "Motion to Reconsider," and REMAND for consideration of the merits of Helm's motion under Rule 60(b).

Helm's counsel essentially seeks to treat that as though it were a mandate to this Court to grant reconsideration automatically. But that is not at all a fair reading of the Opinion—after all, the Court of Appeals had the motion for reconsideration and Helm's proposed Amended Complaint before it as part of the short record on appeal. If the Court had really intended to rule that Helm's motion was sound and *must* be granted as a matter of law, it would have been a simple matter for the Court to say so, to issue (or to direct) a favorable ruling on the motion to reconsider and on Helm's corollary motion for leave to file the Amended Complaint, and then to remand only for a proceeding on the merits of that Amended Complaint. There would have been no occasion for the Opinion to state twice that the Court was not taking any such action ("We express no opinion ..." and "We do not consider ...") and then to conclude by remanding "for consideration of the merits of Helm's motion under Federal Rule 60(b)."

Accordingly this Court will take the Court of Appeals at its word and will look at Helm's motion as though there had been no intervening appeal (though heeding, of course, what the Opinion has said). Thus the question is whether as an original matter Helm's lawyers have brought their client within the provisions of either Rule 60(b)(1) or 60(b)(6)—which, as the Opinion has stated, are the only potential sources of relief for Helm.

■■■ As for Rule 60(b)(1), the case law consistently teaches that out-and-out lawyer blunders—the type of action or inaction that leads to successful malpractice suits by the injured client—do not qualify as "mistake" or "excusable neglect" within the meaning of that provision. Here Helm was given a January 23 notice of disallowance of her claim (that notice is attached as Ex. 1 to this opinion), which included an unambiguous statement of her available judicial remedy (complete with statutory reference):

> Under the Financial Institutions Reform, Recovery and Enforcement Act of 1989

---

1. Our Court of Appeals' opinion, which is reported at 43 F.3d 1163 (7th Cir.1995), will be cited simply as "Opinion at—," listing the page reference but omitting the F.3d volume number.

[FIRREA] 12 U.S.C. Section 1821(d)(6)(A),[2] which governs Receivership matters, if you choose to contest this decision, you have 60 days from the date of this letter to bring action against the Resolution Trust Corporation as Receiver for Great American Federal Savings. If action is not taken within 60 days, this claim is considered final, with no further rights or remedies with respect to such claim.

Yet Helm's lawyers chose instead to file an original Complaint some 50 days later that ignored that express reference, opting instead to seek a review of RTC's administrative decision under Subsection (d)(7)(A)—a provision that was, however, rendered unavailable by the unambiguous terms of that subsection, which (1) specifically identifies such review as being *in lieu of* an action under Subsection (d)(6)(A) and (2) requires that such review must first be pursued before RTC instead of the claimant's going to court first.

Now Helm's lawyers try to portray that as a "technical deficiency," as though their reference to Subsection (d)(7)(A) at the beginning of the original Complaint was somehow a typographical error when Subsection (d)(6)(A) was really intended. But that is frankly disingenuous, for the original Complaint was framed throughout in terms of seeking administrative and not de novo review, challenging RTC's denial of Helm's application as "arbitrary and capricious," as "affected by various errors of law" and as "unsupported by substantial evidence"—all of those plainly being the hallmarks of such an administrative review rather than a de novo approach to the issues. And if there were any doubt on that score (and there really can be none), it would be dispelled by Helm's lawyers' silence in the face of (1) RTC's motion to dismiss that identified the defective filing and (2) this Court's extension to Helm of an opportunity to cure that defect. Opinion at 1165–66 recapitulates the sequence of events:

> Helm filed suit in federal court, But Helm chose neither of the two options FIRREA gave her. Instead, she asked for something FIRREA explicitly prohibits: judicial review of the disallowance pursuant to the Administrative Procedure Act, without an initial review by the RTC. As the statutory basis for federal jurisdiction, Helm cited § 1821(d)(7)(A), ignoring the language of that subsection. She did not ask, in any form, for *de novo* consideration of her claim, as she could have under § 1821(d)(6)(A).
>
> The RTC responded by filing a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). The RTC pointed out that § 1821(d)(7)(A) explicitly denied jurisdiction to review the RTC's disallowance of Helm's claim because the RTC had not itself reviewed the disallowance.
>
> Helm's answer to the RTC's argument was silence. She made no response in the days before the district judge convened a hearing on the motion. At the hearing, instead of arguing that what Helm meant to do was file a complaint for a fresh suit in federal court under § 1821(d)(6)(A). Helm's counsel kept silent, even when given the opportunity by the district judge to explain why there might be subject matter jurisdiction. Seeing no alternative, the district judge dismissed Helm's suit under Fed.R.Civ.P. 12(b)(1).[3]

**2.** [Footnote by this Court] For convenience that statute and the other portion of the same statutory section that is dealt with in this opinion will each be cited simply as "Subsection—," in each instance omitting the repetition of "12 U.S.C. § 1821" of which those subsections are a part.

**3.** [Footnote by this Court] Opinion at 1166 goes on to refer to Helm's claim that "she had *meant* to bring an entirely new suit under § 1821(d)(6)(A)." That too is disingenuous. What Helm clearly meant to do was to rely on her lawyers (after all, what client knows the arcane mysteries of the statutory structure of FIRREA?)—and what her lawyers meant to do is plainly portrayed by the Complaint that they drafted and filed. What has happened, pure and simple, is that Helm has chosen to lean on a weak reed, her careless lawyers—who have continued to exhibit carelessness that extends (albeit in different form) into counsels' putative Amended Complaint:

> 1. Even though the Amended Complaint is stated as seeking a trial de novo under Subsection (d)(6)(A), the prayer for relief following each of its three counts asks that "[t]he record be judicially reviewed and that the decision and order be reversed."

To return to the case law that applies to comparable lawyer-generated errors that have triggered adverse final judgments, the cases universally teach that such lawyer negligence (or worse) is *not* the kind of "mistake" for which Rule 60(b)(1) is intended to provide relief, nor is it to be classified as "excusable neglect" within that Rule. *Rodgers v. Wood,* 910 F.2d 444, 449 (7th Cir.1990) (citations omitted) is typical of that teaching:

> A court may relieve a party from a final judgment for mistake, inadvertence, surprise, or excusable neglect. Red.R.Civ.P. 60(b)(1). A district court's decision to grant or deny relief from a judgment of order under Rule 60(b)(1) may be reversed only for an abuse of discretion. An attorney's negligent mistake, evincing a lack of due care, is not a proper ground for relief under Rule 60(b).

*United States v. 7108 W. Grand Ave.,* 15 F.3d 632, 634, 635 (7th Cir.1994) (numerous citations omitted) is even more trenchant:

> The clients are principals, the attorney is an agent, and under the law of agency the principal is bound by his chosen agent's deeds. So much is clear for an attorney's wilful misconduct. None of these cases involves gross negligence, which the appellants see as an opening.

\*      \*      \*      \*      \*      \*

Although none of our cases squarely holds that a lawyer's gross negligence does not justify reinstating a case, we have come right up to the brink. E.g., *Nelson v. City Colleges of Chicago,* 962 F.2d 754, 756 (7th Cir.1992) ("[W]e continue to cast serious doubt on the theory that an attorney's gross negligence warrants relief under Rule 60(b)."); *United States v. DiMucci,*

879 F.2d 1488, 1496 (7th Cir.1989) ("It seems clear to us that the law in this circuit is that an attorney's conduct must be imputed to his client in *any* context.") (emphasis in original). Today we leap.

There is no question here that Helm's problem—the dismissal of the original action, which then became a final decision—was created by her lawyers' *deliberate* (albeit legally mistaken) choice of the wrong remedy, followed by counsels' failure to take the opportunity that was then afforded both by opposing counsel and by this Court to pursue the right path instead. Like other courts, this Court will not employ Rule 60(b)(1) as a potential source for relieving Helm of that lawyer-created problem. That then leaves the question whether Rule 60(b)(6), framed as it is in more general terms, should be brought into play for that purpose instead.

■ Here too Helm fails. Although Rule 60(b)(6) (which speaks of "any other reason justifying relief from the operation of the judgment") might perhaps be read literally as a catchall, perhaps even sweeping up everything that a timely Rule 59(e) motion may encompass, the courts have most sensibly viewed it instead in the context of the subsections that precede it in Rule 60(b). *Liljeberg v. Health Serv. Acquisition Corp.,* 486 U.S. 847, 863 & n. 11, 108 S.Ct. 2194, 2205 & n. 11, 100 L.Ed.2d 855 (1988) (one footnote omitted) is one of the many cases that make that plain:

> However, as respondent and the Court of Appeals recognized, Federal Rule of Civil Procedure 60(b) provides a procedure whereby, in appropriate cases, a party may be relieved of a final judgment. In particular, Rule 60(b)(6), upon which respondent

---

2. Amended Complaint Count II ¶ 7 refers to "Co-defendant Allen Kent," although RTC is the sole defendant named by Helm.

3. Amended Complaint Count III clearly reads as a claim asserted against Allen Kent (and seemingly not against RTC), charging him with having fraudulently obtained funds from RTC's predecessor in interest, Great American Savings.

Though less substantive in nature, the filings by Helm's lawyers provide other evidence of sloppy work. For example, when on March 13 of this year Helm's lawyers noticed up the previously-filed Rule 60(b) motion for reconsideration to be

presented on April 4, their notice of motion inexplicably said that they would "then and there present Motion of RUBY HELM to Remand the above cause to the Circuit Court of Cook County, Illinois" (!!). In other filings Helm's lawyers have on occasion referred to "Oak Brook" rather than "Oak Park" in listing the savings association for which RTC is receiver, and (in Helm's original motion to reconsider) have incorrectly listed the case number as 93 C 16595—all of those things may be nothing more than petty errors, but they are all of a piece with the more substantive sloppy lawyering that has created the basic problem here.

relies, grants federal courts broad authority to relieve a party from a final judgment "upon such terms as are just," provided that the motion is made within a reasonable time and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5).[11]

[11] In *Klapprott v. United States*, 335 U.S. 601, 613, 69 S.Ct. 384, 389–90, 93 L.Ed. 266 (1949), we held that a party may "not avail himself of the broad 'any other reason' clause of 60(b)" if his motion is based on grounds specified in clause (1)—"mistake, inadvertence, surprise, or excusable neglect." Rather, "extraordinary circumstances" are required to bring the motion within the "other reason" language and to prevent clause (6) from being used to circumvent the 1–year limitations period that applies to clause (1). This logic, of course, extends beyond clause (1) and suggests that clause (6) and clauses (1) through (5) are mutually exclusive. See 11 C. Wright & A. Miller, Federal Practice and Procedures § 2864 (1973).

Accord, such cases as *Margoles v. Johns*, 798 F.2d 1069, 1072–73 & n. 6 (7th Cir.1986) ("Relief under Rule 60(b)(6) is appropriate only if the grounds asserted for relief do not fit under any of the other subsections of Rule 60(b)," citing *Klapprott* ).

What that means is that circumstances such as those involved in this case—lawyer blunders that do not merit treatment as a "mistake" or "excusable neglect" under Rule 60(b)(1)—also should not call for the use of

4. It is worth taking a step back to examine exactly what was involved here. Remember that with Helm having been notified by RTC *only* of the existence of Subsection (d)(6)(A) (see Ex. 1), which sets out the provision for de novo determination of her claim, her lawyers necessarily must have gone back to the books to choose instead the different Subsection (d)(7)(A) route (which is set out cheek by jowl with Subsection (d)(6)(A) in the statute). It is difficult if not impossible to see that action by counsel as anything other than a deliberate eschewal of the de novo remedy (perhaps counsel's having done so was negligent or even grossly negligent, but it was nonetheless deliberate). And on that score it should be noted that RTC's administrative decision from which Helm's lawyers had sought to pursue judicial review had found (Ex. 1):

Claimant [Helm] has failed to prove that Great American Federal or the Receiver disbursed payment to Kent and Co.

Rule 60(b)(6) as an end run around that disentitlement. This Court finds that the situation presented by this case is not "any other reason justifying relief." [4]

## Conclusion

More than three decades ago *Link v. Wabash R.R.*, 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390–91, 8 L.Ed.2d 734 (1962) rejected the notion "that dismissal of [a plaintiff's] claim because of his counsel's unexcused conduct imposes an unjust penalty on the client." That rejection stemmed from the premise that a client's voluntary choice of his or her lawyer carries with it the consequence that the sins of the lawyer may fairly be visited on the client. Although *Link, id.* at 635, 82 S.Ct. at 1391 found it unnecessary to consider the possible impact of a Rule 60(b) motion in that situation (none had been filed in that case), the case law since then has consistently applied the same principles in the Rule 60(b) context (see, e.g., the entirely parallel language and approach set out in *7108 W. Grand* ). This Court has considered Helm's motion for reconsideration—treated as though brought under Rule 60(b)—on the merits, as our Court of Appeals has directed, and finds it wanting. Helm's motion for reconsideration is denied, and this action is dismissed.

Even if Helm's counsel had properly invoked administrative review of that finding by RTC rather than defaulting procedurally under Subsection (d)(7)(A) as well, they would have had to prove in that respect that RTC could not meet the undemanding standard of "substantial evidence" (see *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)) to support its finding. In short, the best that can be said for Helm is that her lawyers selected a more difficult path for her to pursue, then compounded that error by pursuing even that alternative improperly, then compounded those errors further by failing the opportunity afforded them to cure even those blunders in a timely fashion. As demonstrated in the text, that is not the stuff of which Rule 60(b) relief is formed.

## ATTACHMENT

CERTIFIED MAIL
R` ?URN RECEIPT REQUESTED          January 20 , 1993

Ruby Helm
10815 S. Peoria
Chicago, IL 60643

SUBJECT: 7182 -. Great American Federal Savings
         Oak Park, Illinois – In Receivership
         <u>NOTICE OF DISALLOWANCE OF CLAIM</u>

Dear Claimant:

On September 21, 1990, the Great American Federal Savings was declared insolvent and was closed by the Office of Thrift Supervision, and the Resolution Trust Corporation (RTC) was appointed Receiver.

Your claim has been reviewed (a copy of which is attached for your convenience) and determined to be disallowed for the following reason(s):

Your claim has not been proven to the satisfaction of the receiver. Only claims that are proved to the satisfaction of the receiver are allowable. 12 U.S.C. subsection 1821 (d), 12 C.F.R. section 389.11(a) (1990). Claimant has failed to prove that Great American Federal or the Receiver disbursed payment to Kent and Co.

Under the Financial Institutions Reform, Recovery and Enforcement Act of 1989 12 U.S.C. Section 1821 (d) (6) (A), which governs Receivership matters, if you choose to contest this decision, you have 60 days from the date of this letter to bring action against the Resolution Trust Corporation as Receiver for Great American Federal Savings. If action is not taken within 60 days, this claim is considered final, with no further rights or remedies with respect to such claim.

Questions regarding the matters mentioned above should be referred to Leslie C. Kilcoyne, Claims Specialist at (708) 290-7362.

Sincerely,

MaryJo Murphy-Smith
Assistant Director

CTS:cts
Attachment
cc:  Charles M. Kantro