**MERCANTILE BANK OF KANSAS CITY, et al., Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

No. 90–0781–CV–W–9.

United States District Court,
W.D. Missouri,
Western Division.

May 7, 1997.

Mark Hargrave, Barkley Clark, Shook, Hardy & Bacon, Kansas City, MO, Harry B. Wilson, Husch & Eppenberger, St. Louis, MO, Ron R. Morgan, Husch & Eppenberger, Kansas City, MO, for plaintiffs.

Dennis M. Duffy, Department of Justice, Tax Division, Washington, DC, for defendant.

*ORDER VACATING CLERK'S JUDGMENT IN A CIVIL CASE DATED MARCH 21, 1997 AND DENYING THE UNITED STATES' MOTION TO RECONSIDER*

BARTLETT, Chief Judge.

1. *Motion to Alter or Amend Judgment*

Defendant the United States moves pursuant to Rule 59(e), Federal Rules of Civil Procedure, to alter or amend the Judgment in a Civil Case entered on March 21, 1997. The United States states that issues remain to be tried in this case and, thus, the entry of judgment in this civil case is inappropriate.

Plaintiffs Mercantile Bank of Kansas City, James P. Goetz and William Messer (hereinafter collectively referred to as "Mercantile") have not filed any opposition to the United States' Rule 59(e) motion.

■ The issue raised by the parties' cross-Motions for Summary Judgment and ruled upon in the March 21, 1997, order was whether the term "supplies funds" as used in 26 U.S.C. § 3505(b) includes Mercantile's practice of allowing its customer, Manley Truck Lines Inc. (Manley), same day availability on deposits in Manley's checking account. The March 21, 1997, order did not resolve, among other issues, whether other transactions between Mercantile and Manley constituted the supplying of funds under

§ 3505(b). Because the March 21, 1997, order did not resolve whether other transactions between Mercantile and Manley constituted the supplying of funds under § 3505(b), the March 21, 1997, order was not a final appealable order.

Therefore, the March 21, 1997, Judgment in a Civil Case was entered erroneously by the Clerk of the Court.

■ The need to correct a clear error of law or prevent manifest injustice is a proper basis for altering or amending a judgment pursuant to Rule 59(e). *Bannister v. Armontrout*, 807 F.Supp. 516, 556 (W.D.Mo. 1991), *aff'd*, 4 F.3d 1434 (8th Cir.1993), *cert. denied*, 513 U.S. 960, 115 S.Ct. 418, 130 L.Ed.2d 333 (1994). Further, clerical mistakes may be corrected by the court at any time on the court's own initiative. Rule 60(a), Federal Rules of Civil Procedure. Therefore, the Judgment in a Civil Case issued on March 21, 1997 will be vacated.

2. *Motion to Reconsider*

The United States requests that I reconsider my March 21, 1997, order and reverse my decision that Mercantile's practice of providing Manley with same day availability on uncollected funds was not "supplying funds" within the meaning of § 3505(b).

■ The Federal Rules of Civil Procedure make no provision for a "motion to reconsider" and the United States offers no statutory authority for its motion. *See, e.g., Helm v. RTC*, 43 F.3d 1163, 1166 (7th Cir. 1995). Therefore, courts may treat a motion to reconsider as a motion to alter or amend the judgment under Rule 59(e), Federal Rules of Civil Procedure, or a motion for relief from judgment or order under Rule 60(b), Federal Rules of Civil Procedure.

■ The United States is not entitled to relief under Rule 59(e) because a motion to alter or amend may not be filed until a judgment is entered and, as I ruled earlier in this opinion, the Judgment in a Civil Case entered on March 21, 1997, will be vacated. Therefore, I must determine whether the United States is entitled to relief under Rule 60(b)(1), which allows a court to relieve a

party from an order that was based on a "mistake."

■ The United States argues that the court's March 21, 1997, ruling was erroneous because it "overlooks the fact that the existence of a loan relationship is not required for a person to be found to have 'supplied funds' for purposes of Section 3505(b)." United States' Motion to Reconsider at 7.

Contrary to the United States' assertion, I did not overlook the fact that the existence of a loan relationship is not required for a person to have "supplied funds" under § 3505(b). As stated in my August 11, 1994, order and affirmed in my March 21, 1997, order, the phrase "supplies funds" is not restricted to loans, but rather means to furnish with available pecuniary resources.

In my March 21, 1997, order I held that Mercantile did not furnish Manley with available pecuniary resources because "rather than supplying funds to Manley, [Mercantile] was just making available to its creditor, Manley, Manley's 'own' deposited funds." March 11, 1997, Order at 13.

The United States also argues that the court's March 11, 1997, order was erroneous because it "ignores the fact that although Manley had an ultimate right to access the uncollected funds deposited in its checking account, it was Mercantile, not Manley, that had the power to decide whether Manley would have *immediate* access to such funds." United States' Motion to Reconsider at 8 (emphasis in original).

I did not ignore the fact that Mercantile had the power to choose whether to grant Manley same day availability on uncollected funds. The March 11, 1997, order and *Laws v. United Missouri Bank of Kansas City,* 98 F.3d 1047 (8th Cir.1996), the case which I relied upon to vacate my August 11, 1994, order and to grant Mercantile's Motion for Summary Judgment as to Count II of the United States' Counterclaim, both acknowledge that a bank's decision to grant routine advances against uncollected funds is "a service decision, driven by laws such as the Expedited Funds Availability Act, and by the financial demands of bank customers." *Laws,* 98 F.3d at 1051.

After carefully reviewing the United States' Motion to Reconsider and the record in this case, I conclude that there was no "mistake" in my March 21, 1997, order. Therefore, the United States is not entitled to relief under Rule 60(b)(1) and the United States' Motion to Reconsider will be denied.

Accordingly, it is ORDERED that:

1) defendant's Motion to Alter or Amend the Judgment is granted;

2) the Judgment in a Civil Case issued on March 21, 1997 is vacated; and

3) defendant's Motion to Reconsider the March 21, 1997, Order Granting Plaintiff's Motion for Summary Judgment on Count II of Defendant's Counterclaim is denied.