MICHAEL PULU, Plaintiff,

v.

PULU F. TALALOTU and WINNIE SU`APAIA, Defendants.

High Court of American Samoa
Land & Titles Division

LT No. 27-02

February 2, 2004

Before RICHMOND, Associate Justice, SAGAPOLUTELE, Associate Judge, and TAPOPO, Associate Judge.

Counsel: For Plaintiff, Marie A. Lafaele
For Defendants, Katopau T. Ainu`u

ORDER DENYING MOTION FOR
RECONSIDERATION OR NEW TRIAL

Plaintiff Michael Pulu ("Michael") timely objected to the registration of a separation agreement between Defendants Winnie Su`apaia ("Winnie") and Pulu F. Talalotu ("Pulu") regarding a house on the Pulu family's land. Michael also sought recovery from Winnie for the cost of labor and materials he allegedly incurred while working on the house in 1994. We ordered the Territorial Registrar to register the separation agreement and denied Michael's request for recovery. Michael now brings this

motion for reconsideration or new trial arguing six points of error.[1]

## Standard of Review

 The decision whether to grant a motion for a new trial or reconsideration is left to the broad discretion of the trial court. 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 59.13[3][a] (3d ed. 1999). "[A] motion for new trial in a nonjury case should be based on a manifest mistake of fact or error of law; the court should find substantial reasons before setting aside a judgment." *Id.*; *see also American Samoa Gov't v. S. Pac. Island Air Sys., Inc.,* 28 A.S.R.2d 170, 171 (Trial Div. 1995). For the reasons discussed below, we deny Michael's motion.

## Discussion

Michael's first argument is that we failed to make an explicit finding of fact regarding whether he or his brothers co-owned the home with their father, Dave Pulu ("Dave"). Although we may not have stated it explicitly enough for Michael, our opinion makes clear that we found Dave to be the sole owner of the house after he purchased it from Toe To'oto'o ("Toe"). *Pulu v. Pulu,* 7 A.S.R.3d 289 (Land & Titles Div. 2003). We see no reason to disturb this finding of fact and reject this argument as grounds for reconsideration or a new trial.

Most of Michael's other arguments for reconsideration or new trial fail as a result of this finding. For example, Michael's second argument is

---

[1] Michael claims he is bringing his motion under T.C.R.C.P. 60(b) but styles it as a "Motion for Reconsideration and/or New Trial," which indicates it is actually a Rule 59 motion. Moreover, the motion was brought within the time limit required by T.C.R.C.P. 59. The distinction between these two rules is important:

> One of the major differences between new trial motions and Rule 60(b) motions is that a motion for a new trial suspends the finality of the judgment and the time for the filing of an appeal from the judgment. In contrast, filing of a timely Rule 60(b) motion does not affect the finality of a judgment or suspend its operation. Similarly, a timely Rule 60(b) motion does not toll the running of the time for filing an appeal.

6 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 60.03[3] (3d ed. 1999). Since Michael's motion was brought within the 10 days required under T.C.R.C.P. 59, we will consider it under this rule rather than under Rule 60(b). *See Helm v. Resolution Trust Corp.,* 43 F.3d 1163, 1166-67 (7th Cir. 1995) (using the time of filing to control under which rule the motion is considered in order to "reduce the confusion often caused when movants haphazardly title and characterize motions").

that we violated A.S.C.A. § 40.0202 regarding the succession of real property because Michael had an interest in his father's estate, which had not been probated. However, since we found that Dave owned the house individually and that he gave the house to Winnie prior to his death, Michael had no interest in the house. The house belongs to Winnie, and A.S.C.A. § 40.0202 has no bearing on the house at issue. Thus, Michael's second argument fails to provide grounds for reconsideration or a new trial.

 █ Michael's next argument is that the Defendants failed to raise the issue that the house was a gift from Dave as an affirmative defense in their pleadings and, therefore, he was denied due process in responding to this issue.[2] Even assuming that Defendants should have raised the gift issue as an affirmative defense, Michael certainly cannot complain now. The issue was thoroughly litigated by *both* parties without objection at trial and in the closing briefs. *See, e.g.,* 61A AM. JUR. 2D *Pleading* § 377 (1999); 2 MOORE'S FEDERAL PRACTICE § 8.07[3]. Moreover, in their answer, Defendants denied Michael's allegation in his complaint that "Dave Pulu did not dispose of the subject matter house to Winnie Su'apaia by way of gift, sale or otherwise." (Defs.' Answer at ¶16.) We reject Michael's third argument as grounds for reconsideration or a new trial.

Michael's fourth argument is that the Defendants should be held liable for costs and labor he allegedly incurred in repairing the house. He bases this claim in part on "a pre-existing right of ownership of [his] to the house." Again, we disagree. Based on the evidence presented, we believe that Dave was the sole owner of the house before he transferred his interest to Winnie. In addition, as we mentioned in our October 20, 2003 Opinion & Order, any recovery of these costs, incurred over nine years ago, should be from Dave not Winnie.[3] *Pulu,* 7 A.S.R.3d at 293. We reject Michael's fourth argument as grounds for reconsideration or a new trial.

In Michael's fifth argument, he argues that we erred in refusing to disturb Pulu's decision to execute the separation agreement. Michael claims that Pulu failed to consult with him and with Toe prior to executing the separation agreement and claims they should have been

---

[2] Michael includes in the heading for this argument (but does not argue in the text), that he was "unduly prejudiced by the surprise admission of hearsay evidence." This is just plain wrong. We relied on Winnie's impressions and testimony regarding Dave's actions, all non-hearsay evidence, in reaching our conclusions. This is clearly evident in our opinion. *Pulu,* 7 A.S.R.3d at 291-292.

[3] For this reason, whether Michael had sufficient evidence to establish his expenses is immaterial.

consulted with because they each had an interest in the house. Again, this argument relies on Michael's assertion that he co-owned the house. We disagree. The house was Dave's alone, and Dave gave the house to Winnie. We see no reason to disturb Pulu's decision.

In any event, as we indicated in our Opinion & Order, "[c]ourts will not interfere with the decisions of a sa`o unless they are arbitrary, capricious, illegal, or abusive of discretion." *Malala v. Temu*, 11 A.S.R.2d 137, 142 (Land & Titles Div. 1989). We do not believe Pulu's decision was "arbitrary, capricious, illegal or abusive of discretion." *Id.*

■ Moreover, while we agree with Michael that the *sa`o* should consult with family members in accordance with family custom, a failure to consult does not alone provide a basis for the Court to invalidate a *sa`o*'s otherwise legitimate decision. The Fono has provided a statutory scheme regulating separation agreements. A.S.C.A. §§ 37.1501-.06. Nowhere in this statutory scheme is there a requirement that the *sa`o* consult with the family prior to executing the agreement. *See id.* We decline to impose such a requirement now. *See, e.g., Vaimaona v. Tuitasi*, 18 A.S.R.2d 88, 90-93 (App. Div. 1991) (declining to impose a family consultation requirement when a *sa`o* alienates land because the Fono did not include it in the statutory scheme as a requirement).

Michael's final argument is that the separation agreement could not transfer title because a previous separation agreement already existed on the house. We made clear in our opinion that a new separation agreement should be registered due to the fact that Toe's original separation agreement could not be located. *Pulu,* 7 A.S.R.3d at 290. This does not change the fact that Dave gave the house to Winnie but merely provides Winnie with some record protection of her ownership. This argument fails as grounds for reconsideration or a new trial. All of Michael's arguments fall far short of the standard for reconsideration or a new trial.

## Order

Michael's motion for reconsideration or new trial is denied.

It is so ordered.