

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-30-2008

# DIRECTV Inc v. Jarvis

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3299

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"DIRECTV Inc v. Jarvis" (2008). *2008 Decisions.* Paper 1658.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1658

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3299
_____

DIRECTV, INC., A CALIFORNIA CORPORATION

V.

JOSEPH JARVIS,
                                    Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 04-cv-00055)
District Judge:  Honorable Susan D. Wigenton
_____

Submitted under Third Circuit LAR 34.1(a)
January 22, 2008

Before:   MCKEE, SMITH and CHAGARES, <u>Circuit Judges</u>

(Opinion filed:  January 30, 2008)
_____

OPINION
_____

PER CURIAM

     Pro se appellant Joseph Jarvis appeals from the U.S. District Court for the District

of New Jersey's December 14, 2006 order granting DIRECTV, Inc.'s ("DIRECTV")

motion for summary judgment as well as the July 9, 2007 order denying Jarvis's motion

for reconsideration.  For the reasons discussed below, we conclude that we do not have

jurisdiction to review the December 14, 2006 order and that we will affirm the July 9, 2007 order.

I.

In May 2003, DIRECTV filed a complaint against Jarvis and several other individuals alleging that the defendants violated numerous federal statutes by purchasing and using illegal devices to unlawfully intercept and receive its satellite television programming. (See D.N.J. Civ. No. 03-cv-2423.) As the litigation proceeded, DIRECTV served discovery on the defendants. Jarvis apparently complied (at least in part) with his discovery obligations by responding to DIRECTV's requests for admissions.

In December 2003, the District Court severed the matter against Jarvis, and DIRECTV refiled its complaint against him in January 2004. (See D.N.J. Civ. No. 04-cv-00055.) Given that the severed case was a distinct action, the Magistrate Judge ordered the parties to reserve written discovery. Therefore, on October 28, 2005, DIRECTV served Jarvis's counsel[1] with a new set of discovery requests, which included requests for admissions. Despite repeated letters from DIRECTV's counsel and an order by the Magistrate Judge to respond to the overdue discovery requests by April 17, 2006, Jarvis failed to respond to the request for admissions until at least June 14, 2006—two weeks

_____

[1]  Jarvis was represented by counsel until the District Court's June 27, 2006 order allowing his attorney to withdraw. The June 27 order stated that Jarvis would be proceeding pro se.

after DIRECTV filed its summary judgment motion.

In an order entered December 14, 2006, the District Court granted DIRECTV's motion for summary judgment and denied Jarvis's cross-motion. Federal Rule of Civil Procedure 36(a) provides that "a matter is deemed admitted unless, within 30 days after service of the request or within such shorter or longer time as the court may allow. . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection. . . ." Because Jarvis did not answer the 2005 requests for admissions within 30 days of service or within the time ordered by the Magistrate Judge, the District Court deemed Jarvis to have admitted every one of DIRECTV's requests for admissions. The District Court then held that the admissions, in addition to the papers submitted by the parties and certain internet postings by Jarvis, led it to determine that there were no material facts in dispute. It thus ordered summary judgment in favor of DIRECTV. See Anchorage Assocs. v. Virgin Islands Bd. of Tax Review, 922 F.2d 168, 176 n.7 (3d Cir. 1990) ("This Court and others have held that 'deemed admissions' under Fed. R. Civ. P. 36(a) are sufficient to support orders of summary judgment.").

Twenty-one days after entry of summary judgment, Jarvis filed a motion to enlarge his time to file a motion for reconsideration, which the District Court denied.[2] On January 17, 2007, Jarvis moved the District Court to reconsider the denial of his motion

---

[2] Jarvis filed a notice of appeal from the summary judgment decision on January 17, 2007. He withdrew the appeal after the Clerk of this Court notified him that it was subject to dismissal for untimeliness.

3

for enlargement.  The District Court apparently considered the motion as a second request for an enlargement of time to file a motion for reconsideration of the summary judgment order.  And on February 2, 2007, the District Court granted the motion and allowed Jarvis 10 days to file a motion for reconsideration "provided that" he include new evidence to support his assertion that he had responded to the 2005 requests for admissions.

Jarvis's motion for reconsideration did not, however, include any new evidence.  Rather, through his exhibits, he appeared to argue that his responses to the 2003 requests for admissions should count as answers to the 2005 requests for admissions.  Jarvis also contended that the District Court should not have applied Rule 36(a) because he eventually answered the 2005 requests for admissions—albeit nearly eight months after they were served, two months after the Magistrate Judge's deadline, and two weeks after DIRECTV filed its summary judgment motion.

On July 9, 2007, the District Court denied Jarvis's motion for reconsideration.  The District Court determined that instead of presenting new evidence, the motion merely demonstrated Jarvis's disagreement with the summary judgment decision.

On July 30, 2007, Jarvis filed a pro se notice of appeal as to the District Court's December 14, 2006 and July 9, 2007 decisions.

## II.

We first address the issue of our jurisdiction.  Subject to certain exceptions, a notice of appeal must be filed within 30 days from the disputed order's entry date.  Fed.

R. App. P. 4(a)(1)(A).  Jarvis's July 30, 2007 notice of appeal was thus untimely filed as to the District Court's December 14, 2006 order.  Id.  Although a motion for reconsideration under Federal Rules of Civil Procedure 59 or 60 will toll the time for filing a notice of appeal if it is filed within 10 days of entry of the order, see Fed. R. App. P. 4(a)(4)(A), Jarvis did not even file his motion for an enlargement of time to file a motion for reconsideration until 21 days after the District Court's summary judgment order.  Therefore, we lack jurisdiction to review the District Court's December 14, 2006 order.

We do, however, have authority to review the July 9, 2007 order denying Jarvis's motion for reconsideration.  Although Jarvis did not specify whether his motion was brought under Federal Rule of Civil Procedure 59(e) or 60(b), we believe that, read liberally, the motion may be construed as one filed pursuant to Rule 60(b)(6).  See Ahmed v. Dragovich, 297 F.3d 201, 209 (3d Cir. 2002) (stating that when a motion is "filed outside of the ten days provided for under Rule 59(e) but within the year permitted under Rule 60(b), and the motion may be read to include grounds cognizable under the latter rule, we will consider it to have been filed as a Rule 60(b) motion").  See also Helm v. Resolution Trust Corp., 43 F.3d 1163, 1166-67 (7th Cir. 1995).  We review the District Court's decision for abuse of discretion.  Reform Party of Allegheny County v. Allegheny County Dep't of Elections, 174 F.3d 305, 311 (3d Cir. 1999) ("An abuse of discretion may be found when the district court's decision rests upon a clearly erroneous finding of

5

fact, an errant conclusion of law, or an improper application of law to fact." (internal citation omitted)).[3]

The District Court did not abuse its discretion by denying Jarvis's motion for reconsideration. Relief under Rule 60(b)(6) is "extraordinary relief and may only be invoked upon a showing of exceptional circumstances," Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 273 (3d Cir. 2002), and this case does not present any exceptional circumstances. In the motion, Jarvis asserted that he had responded to DIRECTV's requests for admissions and thus that the requests should not have been deemed admitted. In support of this assertion, Jarvis attached: (1) his responses to the 2003 requests for admissions, and (2) his responses to the 2005 requests for admissions that he submitted to DIRECTV two weeks after its summary judgment motion and two months after the Magistrate Judge's deadline. This was not new evidence. The District Court had these pieces of information when it decided the summary judgment motions, and Jarvis's motion for reconsideration merely spells out his disagreement with the District Court's application of Rule 36(a). This is not an appropriate basis for reopening a judgment, and the District Court properly denied Jarvis's motion. See Martinez-McBean v. Gov't of Virgin Islands, 562 F.2d 901, 911 (3d Cir. 1977) ("[I]t is improper to grant relief under

---

[3] We note that an appeal from the denial of a Rule 60(b) motion places at issue only the denial of the motion for review, not the merits of the underlying decision. Smith v. Evans, 853 F.2d 155, 158 n.1 (3d Cir. 1988).

Rule 60(b)(6) if the aggrieved party could have reasonably sought the same relief by means of appeal.").[4]  Moreover, neither Jarvis's responses to the 2003 requests for admissions nor his untimely responses to the 2005 requests for admissions would have required the District Court to change its decision deeming the 2005 requests admitted. See Fed. R. Civ. P. 36(b).

For the foregoing reasons, we will affirm the District Court's order entered on July 9, 2007.

---

[4]    To the extent that Jarvis's sought reconsideration based on his argument that DIRECTV violated the statute of limitation or did not provide sufficient evidence to succeed on summary judgment, these are issues that should have been brought in an appeal.  See Martinez-McBean, 562 F.2d at 911.